J-S32033-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JACOB MICHAEL TALIAFERRO | : | |
| | : | |
| Appellant | : | No. 1671 MDA 2021 |

Appeal from the Judgment of Sentence Entered May 14, 2019
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s):  CP-38-CR-0001080-2016

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and LAZARUS, J.

MEMORANDUM BY LAZARUS, J.:                     **FILED OCTOBER 13, 2022**

Jacob Michael Taliaferro appeals, [1] *nunc pro tunc*, from the judgment of sentence, entered in the Court of Common Pleas of Lebanon County, after entering an open guilty plea to first-degree murder.[2]  After careful review, we affirm.

---

[1] Although Taliaferro's notice of appeal was filed more than 30 days following the reinstatement of his direct appeal rights, because the trial court did not advise Taliaferro that he had to appeal within 30 days, we will not quash the instant appeal.  ***See*** Pa.R.A.P. 720(B)(4)(a) (notice of appeal shall be filed within 30 days of order deciding post-sentence motion, of order denying motion by operation of law, of order memorializing withdrawal of motion by defendant, or imposition of sentence where no post-sentence motion filed); ***id.*** (Comment) ("In those cases in which a petitioner under the P[CRA] has been granted leave to . . .  appeal *nunc pro tunc*, the filing of the . . . notice of appeal must comply with the timing requirements contained in paragraph (A) of this rule.); ***see also Commonwealth v. Pleger***, 934 A.2d 715, 720 (Pa. Super. 2007) (stating trial court's mandatory obligation to notify defendant of appeal period).

[2] 18 Pa.C.S.A § 2502(a).

On June 6, 2016, Taliaferro, 17-years-old at the time, called 9-1-1 to report that his mother had been murdered. Taliaferro ultimately confessed to authorities that he had planned the murder for over one year, thinking of multiple ways to end his mother's life, including using an ax, rope, and knife. Taliaferro related that he entered his mother's bedroom late at night, hid his mother's phone so she could not call for help, stabbed her in the chest and torso four times with a knife, and, when he realized she was not dying quickly, placed a Hydrocodone pill in her mouth. Taliaferro then took a rope,[3] placed it around the victim's neck, and strangled her for five minutes until she died.

On July 16, 2018, Taliaferro entered a guilty plea to first-degree murder; he was sentenced on May 14, 2019, to 65 years to life in prison. Prior to sentencing, on May 29, 2019, Taliaferro filed a *pro* se motion[4] to withdraw his plea claiming that he had made several attempts to contact plea counsel to have his plea withdrawn and received no response. A counseled motion to withdraw guilty plea, also time-stamped May 29, 2019, is in the original record. The court ultimately denied Taliaferro's motion to withdraw his guilty

---

[3] Taliaferro had preemptively tied knots on the end of the rope so that he could grip the implement better for purposes of strangulation.

[4] We are uncertain whether the trial court ruled upon Taliaferro's *pro se* motion or counsel's motion. In fact, the proper procedure is to forward the *pro se* document to counsel of record and not act on the filing. **See Commonwealth v. Williams**, 241 A.3d 353, 354 n.1 (Pa. Super. 2020) ("As hybrid representation is not permitted in the Commonwealth, our courts 'will not accept a *pro se* motion while an appellant is represented by counsel;'" generally, when counseled defendant files *pro se* document, courts do not act on filing, but instead note it on docket and forward it to counsel pursuant to Pa.R.Crim.P. 576(A)(4)).

plea on April 1, 2019. Sentencing hearings took place over eight non-consecutive days in August 2018, September 2018, October 2018 and February 2019. On May 14, 2019—302 days after Taliaferro entered his guilty plea, the court sentenced him to a period of incarceration of 65 years to life, restitution in the amount of $6,500, a $500 fine, and the costs of prosecution.

Taliaferro filed a post-sentence motion claiming that his plea was not entered knowingly, intelligently, and voluntarily, and that the court erred in denying his request to withdraw the plea. The court denied the motion in part, granted it in part by vacating the $500 fine, and deferred the request to withdraw Taliaferro's guilty plea to post-conviction proceedings. On February 26, 2021, Taliaferro filed a timely *pro se* petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, alleging, among other things that his guilty plea was entered unknowingly, unintelligently, and involuntarily based on plea counsel's ineffectiveness and that his plea was unlawfully induced. *See Pro Se* PCRA Petition, 2/26/21, at 2. On March 10, 2021, the court noted that there was a conflict of interest with Taliaferro's current counsel and, accordingly, entered an order appointing Michael Bechtold, Esquire, as Taliaferro's PCRA counsel. The court also ordered Attorney Bechtold to file an amended PCRA petition, or, in the alternative a *Turner*/*Finley*[5] no-merit filing.

---

[5] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (en banc).

Counsel filed an amended petition on July 21, 2021, in which he raised, among other issues, that, prior to sentencing, Taliaferro had "attempted to communicate with the Lebanon County Public Defender's Office, to withdraw his guilty plea, to which no response was given." Amended PCRA Petition, 7/21/21, at 2. Counsel also noted in the amended petition that "[t]he [c]ourt deferred the issue of Defendant's ability to withdraw his guilty plea until an appropriate PCRA Petition had been filed." *Id.* at 3 n.2.

On November 4, 2021, the trial court entered an order granting the parties' joint stipulation to reinstate Taliaferro's appellate rights *nunc pro tunc*.[6] Taliaferro filed a notice of appeal and court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

Taliaferro raises the following issues for our consideration:

(1) Whether the trial court erred and/or abused its discretion when it imposed a sentence of sixty-five (65) years to life[,] when such sentence is excessive in light of the evidence presented and as the trial court allowed the nature of the crime to outweigh the rehabilitative/treatment needs of [Taliaferro].

(2) Whether the trial court erred and/or abused its discretion when it imposed an illegal sentence upon [Taliaferro].

(3) Whether the trial court erred and/or abused its discretion in refusing to permit [Taliaferro] to withdraw his guilty plea after numerous indications by [Taliaferro] that he wished to withdraw his guilty plea.

(4) Whether the trial court erred and/or abused its discretion in denying [Taliaferro] relief[,] as [Taliaferro's] sentenc[ing]

---

[6] The order also cancelled the court's previously scheduled hearing on Taliaferro's PCRA petition.

took place outside of ninety (90) days, and in a protracted/scattered fashion, from the date of the entry of his guilty plea[,] thereby violating his procedural due process rights in that ([a]) the trial court was prevented from fairly examining the entirety of the evidence; ([b]) the trial court was caused to improperly highlight certain testimony over other relevant testimony; and ([c]) the protracted/scattered manner of sentencing would not have been permitted to occur if a jury [had] been impaneled.

Appellant's Brief, at 4-5.

In his first issue, Taliaferro contends his sentence of sixty-five (65) years to life is excessive where the court placed undue weight on the nature of the crime, failed to take the confluence of his youth and mental illness into account, and did not give due consideration to his rehabilitative/treatment needs.[7] **See** Appellant's Brief, at 24. This issue implicates the discretionary aspects of Taliaferro's sentence.

Preliminarily, "[c]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." **Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010). Prior to reaching the merits of a discretionary aspects of sentencing issue, this Court conducts

---

[7] "Generally, a plea of guilty amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea." **Commonwealth v. Morrison**, 173 A.3d 286, 290 (Pa. Super. 2017) (citation omitted). Additionally, "[w]here a defendant pleads guilty without any agreement as to sentence, the defendant retains the right to petition this Court for allowance of appeal with respect to the discretionary aspects of sentencing." **Commonwealth v. Brown**, 982 A.2d 1017, 1019 (Pa. Super. 2009) (citation omitted). Here, Taliaferro entered an open guilty plea, so retained the right to raise a discretionary aspects of sentencing claim on appeal.

a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Moury**, 992 A.2d at 170 (citation and brackets omitted). Here, Taliaferro filed timely *pro se* post-sentence motions indicating that his guilty plea was not voluntary, knowing, or intelligent. In addition, he was granted the right to appeal *nunc pro tunc* and filed a timely notice of appeal. **See supra** at n.1. However, Taliaferro has failed to include in his brief a Rule 2119(f) statement and the Commonwealth has objected to its omission. Thus, we find this claim waived.[8] **Moury**, **supra**.

Taliaferro next claims that the court imposed an illegal *de facto* life without parole (LWOP)[9] sentence on him as a juvenile offender. Specifically,

---

[8] We deny Taliaferro's application seeking to supplement his brief with a Rule 2119(f) statement. While our Court has permitted parties to amend their briefs to add a section pursuant to Rule 2119(f), **see Commonwealth v. Gambal**, 561 A.2d 710 (Pa. 1989), those instances occurred where the Commonwealth did not object to the absence of the statement. Here, the Commonwealth has objected to both the absence of a Rule 2119(f) statement in Taliaferro's brief, as well as to his request to amend his brief to add a statement. Thus, we conclude that he is unable to overcome waiver of this discretionary sentencing issue. **Commonwealth v. Kiesel**, 246, 854 A.2d 530 (Pa. Super. 2004).

[9] In guiding our determinations regarding particular minimum sentences, we have observed that a sentence is not a *de facto* LWOP sentence where there is "some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation." **Commonwealth v. Bebout**, 186 A.3d 462, 467 (Pa. Super. 2018) (citing **Graham**, **supra** at 75).

Taliaferro asserts that since he will not be eligible for parole until the age of 81, he is effectively deprived of any opportunity for quality of life upon parole.

In *Roper v. Simmons*, 543 U.S. 551 (2005), the United States Supreme Court concluded that the Eighth Amendment of the United States Constitution forbids capital punishment for individuals who were juveniles at the times of their crimes. Next, in *Graham v. Florida*, 560 U.S. 48 (2010), the Court held that the Eighth Amendment prohibits life without parole for juvenile offenders who did not commit homicide. Finally, in *Miller v. Alabama*, 567 U.S. 460 (2012), the Court barred mandatory sentencing schemes for juveniles convicted of homicide. *Id.* at 489. *See also Montgomery v. Louisiana*, 577 U.S. 190 (2016) (Supreme Court concludes *Miller* represented substantive rule of constitutional law that applies retroactively to cases on collateral review).

In *Commonwealth Batts*, 163 A.3d 410 (Pa. 2017) ("*Batts II*"), our Supreme Court "devise[d] a procedure for the implementation of [] *Miller* and *Montgomery* [] in Pennsylvania" *Id.* at 451. In *Commonwealth v. Felder*, 269 A.3d 1232 (Pa. 2022), our Supreme Court recently reiterated the procedural safeguards established for LWOP juvenile offenders in *Batts II*:

> [In *Batts II*, w]e adopted a presumption against the imposition of a sentence of life without parole for juveniles and imposed on the Commonwealth the burden of proving, beyond a reasonable doubt, that a juvenile offender is incapable of rehabilitation. We determined these procedures were necessary to effectuate what we believed then was the central mandate of *Miller* and *Montgomery*: that "for a life-without-parole sentence to be constitutionally valid, the sentencing court must find that the juvenile offender is permanently incorrigible and that

rehabilitation would be impossible." Still, even after establishing this comprehensive set of legal criteria to guide juvenile sentencing, other questions remained.

*Id.* at 1232 (internal citations omitted).

Our Supreme Court granted review in ***Felder***, ***supra***, to consider whether "a discretionary term-of-years sentence may be so long as to amount to a *de facto* life sentence, thereby triggering the substantive and procedural protections afforded by ***Miller*** and its progeny." ***Id.*** at 1235. In affirming Felder's 50-years-to life sentence, the Supreme Court "dissolved those procedural requirements [espoused] in ***Batts II*** that are not constitutionally required—namely, the presumption against sentencing a juvenile homicide offender to life without parole, and the imposition on the Commonwealth of the burden of proving beyond a reasonable doubt that the juvenile is permanently incorrigible." ***Felder***, ***supra*** at 1244. The Court held that "as long as [a term-of-years sentence that may amount to a *de facto* life] sentence was the product of a discretionary sentencing system that included consideration of the juvenile's youth, the Eighth Amendment is satisfied." ***Id.*** at 1245. In conclusion, the ***Felder*** Court stated:

> Therefore, when sentencing juvenile homicide offenders from this point forward**, sentencing courts are required to consider only the relevant sentencing statutes**, which will guarantee that the sentencer considers the juvenile's youth and attendant characteristics as required by ***Miller***. **So long as the sentence imposed is discretionary and takes into account the offender's youth, even if it amounts to a *de facto* life sentence, *Miller* is not violated.**

*Id.* at 1246 (emphasis added).

Therefore, in light of *Jones* and *Felder*, Taliaferro's term-of-years sentence does not violate the Eighth Amendment where the trial court explicitly considered the relevant sentencing statutes and took into account Taliaferro's youth. *See* Post-Sentence Motion Opinion, 11/15/19, at 23 (court noting it considered "all relevant factors and age[-]related character flaws associated with [Taliaferro's] age at the time of the crime"). Thus, Taliaferro's challenge does not implicate the legality of his sentence. *See Commonwealth v. Miller*, 275 A.3d 530, 534 (Pa. Super. 2011) (juvenile's sentence of 55 years-to-life did not violate Eighth Amendment and, thus, does not implicate legality of sentence); *see also Commonwealth v. Schroat*, 272 A.3d 523, 526 (Pa. Super. 2022) ("Pursuant to *Felder*[,] the sentencing court's consideration of the factors of youth goes to its sentencing discretion and not to the legality."). Rather, Taliaferro's claim is a challenge to the discretionary aspects of his sentence. *Commonwealth v. Harper*, 273 A.3d 1089 (Pa. Super. 2022) (where minimum term-of-years sentence imposed upon defendant was product of discretionary sentencing system, which included consideration of defendant's youth, *de facto* LWOP sentencing claim fails). For the reasons already expressed, we find such a claim has been waived for Taliaferro's failure to include a Rule 2119(f) statement in his

appellate brief and where the Commonwealth has objected to its omission. *See supra* at n.5.[10]

Taliaferro next claims that the trial court erred by not permitting him to withdraw his guilty plea "after numerous indications by [Taliaferro] to plea counsel and the court that he wished to withdraw his guilty plea." Appellant's Brief, at 24.

In his brief, Taliaferro alleges that "[m]onths prior to sentencing, [he] made several attempts to contact plea counsel to express his wishes to withdraw his guilty plea [and that he] filed a *pro se* Motion for Ineffective Assistance of Counsel averring that plea counsel had failed to assist him [in] withdrawing his plea on May 1, 2019, and[,] thus[,] putting the trial court on notice that he intended to withdraw his plea." *Id.* at 25. In his letter to plea counsel, Taliaferro indicated his belief that he would have received a better outcome had he gone to trial and not pled guilty.

In his post-sentence motion, Taliaferro again claimed that his plea was not entered knowingly, intelligently, and voluntarily, and that the court erred

_____

[10] Despite the fact that the court did not impose a LWOP sentence, it still addressed each of the factors under 18 Pa.C.S.A. § 1102.1, and concluded, despite the overwhelming evidence that Taliaferro is unlikely to take his mental health and treatment seriously, he still had the opportunity to be paroled. *See* Post-Sentence Motion Opinion, 11/15/19, at 19-25 (court acknowledging Taliaferro has opportunity to "avail himself of the appropriate treatment and medications," and that it is very possible Taliaferro will be alive at end of sentence and, thus, "will most likely have a sufficient amount of time left to be considered non-trivial").

in denying his request to withdraw the plea. In ruling up on Taliaferro's post-sentence motion, the court specifically stated that it was deferring the request to withdraw Taliaferro's guilty plea to post-conviction proceedings. Then, in his timely *pro se* PCRA petition and amended petition, Taliaferro again alleged that his guilty plea was entered unknowingly, unintelligently, and involuntarily based on guilty plea counsel's ineffectiveness and that his plea was unlawfully induced. **See** *Pro Se* PCRA Petition, 2/26/21, at 2; **see also** Amended PCRA Petition, 7/21/21, at 2 (noting that, prior to sentencing, Taliaferro had "attempted to communicate with the Lebanon County Public Defender's Office, to withdraw his guilty plea, to which no response was given"); **id.** at 3 n.2 (PCRA counsel recognizing that "[t]he [c]ourt deferred the issue of Defendant's ability to withdraw his guilty plea until an appropriate PCRA Petition had been filed").

Taliaferro now attempts once again to argue that it was error not to permit him to withdraw his guilty plea before sentencing. As the trial court recognized multiple times, "this issue is better reserved for a PCRA petition." Post-Sentence Motion Opinion, 11/15/19, at 26. We agree with the court's decision to defer this claim to post-conviction review where the thrust of Taliaferro's argument centers around plea counsel's effectiveness and, thus, is appropriate for adjudication under the PCRA. **See Commonwealth v. Holmes**, 79 A.3d 562 (Pa. 2013) (reaffirming general rule of deferring to PCRA review of claims of ineffective assistance of counsel). Although Taliaferro filed a PCRA petition raising this claim, the parties stipulated that

Taliaferro's appellate rights be reinstated *nunc pro tunc*. Thus, the trial court conducted no hearing or substantive review of any of the claims raised in Taliaferro's amended petition. ***See Commonwealth v. Hoyman***, 561 A.2d 756 (Pa. Super. 1989) ("[O]nce a PCRA court determines that a petitioner's right to direct appeal has been violated, the PCRA court is precluded from reaching the merits of other issues raised in the petition."). Because "claims of ineffectiveness will not be entertained on direct appeal," ***Holmes***, 79 A.3d at 566, Taliaferro is entitled to no relief.

Taliaferro next asserts that the court violated his due process rights when it sentenced him more than 300 days after he entered his guilty plea, in violation of Pa.R.Crim.P. 704.

Rule 704 provides:

(A) Time for Sentencing.

> (1) Except as provided by Rule 702(B), sentence in a court case shall ordinarily be imposed within 90 days of conviction or the entry of a plea of guilty or nolo contendere.

> (2) When the date for sentencing in a court case must be delayed, for good cause shown, beyond the time limits set forth in this rule, the judge shall include in the record the specific time period for the extension[.]

Pa.R.Crim.P. 704(A).

In determining whether a defendant's sentencing violated Rule 704, a court must consider four factors: "the length of the delay, the reason for the delay, the defendant's assertion of his rights, and prejudice to the defendant. In conducting such an analysis, we examine the totality of the circumstances,

as no one factor is necessary, dispositive, or of sufficient importance to prove a violation." ***Commonwealth v. Diaz***, 51 A.3d 884, 889 (Pa. Super. 2012).

In this case, Taliaferro entered his guilty plea on July 16, 2018, and was not sentenced until 302 days later, on May 14, 2019. The trial court found that the delay in sentencing was for good cause for the following reasons: (1) the dates originally selected for sentencing hearings were the only openings in the court's calendar; (2) due to the nature of Taliaferro's mental health issues, incarceration history, and expert testimony, extra time was needed to review all of the evidence and testimony; (3) additional days for sentencing were added in January and February 2019 in order to allow Taliaferro to present rebuttal expert testimony; and (4) the delay in April 2019 was due to an unavoidable medical issue with the court. Considering these factors and the fact that Taliaferro has not alleged any prejudice due to the delay in sentencing, we find no merit to this claim. ***Commonwealth v. Fox***, 953 A.2d 808, 811 (Pa. Super. 2008) (in evaluating Rule 704 motion for discharge, defendant must establish actual prejudice).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/13/2022

- 13 -