2022 PA Super 51

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| PARRIS LAVON HARPER | : | |
| | : | |
| Appellant | : | No. 166 EDA 2019 |

Appeal from the Judgment of Sentence Entered September 20, 2018
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0001419-1998

BEFORE: PANELLA, P.J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

OPINION BY PANELLA, P.J.:                    **FILED MARCH 28, 2022**

This case calls upon us to revisit the proper sentencing of a juvenile convicted of second-degree murder. Specifically, we are asked to determine whether a sentence of thirty-five years to life is legal, and if so, whether the trial court abused its discretion in fashioning the sentence. In performing this analysis, we discuss the impact of the recent decision in ***Commonwealth v. Felder***, 18 EAP 2018 (Pa. filed Feb. 23, 2022). After a careful review, we affirm.

On December 11, 1997, Parris Lavon Harper pointed a gun at the neck of David Purvis. At the time of the incident, Harper was less than one month away from his eighteenth birthday. With the gun pointed at Purvis, Harper stated, "give me what you got," ostensibly referring to drugs that Purvis had

_____

[*] Former Justice specially assigned to the Superior Court.

in his possession. Purvis then ran and Harper fired his gun several times. Purvis suffered three gunshot wounds and died as a result.

On June 17, 1999, at the conclusion of a jury trial, Harper was found guilty of second-degree murder and robbery. The court sentenced Harper to life imprisonment without parole on August 3, 1999. On June 14, 2017, the trial court vacated the life sentence pursuant to *Miller v. Alabama*, 567 U.S. 460 (2012) (holding that mandatory sentences of life without parole for juvenile offenders violate the Eighth Amendment).

On September 20, 2018, after several hearings, the trial court resentenced Harper to serve a term of incarceration of thirty-five years to life. Harper filed a timely post-sentence motion. The trial court held a hearing and ultimately denied the motion on December 12, 2018. This timely appeal followed.[1]

Harper presents three issues in his appeal. The first two issues attack the legality of his sentence. His final issue raises a challenge to the discretionary aspects of his sentence.

_____

[1] Although Harper purported to appeal from the order denying his post-sentence motion, the appeal properly lies from the judgment of sentence entered on September 20, 2018. We have corrected the caption accordingly. *See Commonwealth v. Shamberger*, 788 A.2d 408, 410 n.2 (Pa. Super. 2001) (*en banc*) (explaining that in a criminal action, appeal properly lies from the judgment of sentence made final by the denial of post-sentence motions).

- 2 -

Harper first argues that his minimum sentence of 35 years is a *de facto* sentence of life without parole ("LWOP"). He contends United States and Pennsylvania precedent require that, unless the Commonwealth can establish beyond a reasonable doubt that a juvenile is incapable of rehabilitation, the juvenile must be accorded the opportunity to be released with the chance for a meaningful and fulfilling life. In essence, the question before us is at what point does a minimum term-of-years sentence become a *de facto* life sentence?

We have determined that a claim that the trial court imposed an impermissible *de facto* life sentence in violation of **Miller** constitutes a challenge to the legality of sentence. **See Commonwealth v. Clary**, 226 A.3d 571, 580 (Pa. Super. 2020). A challenge to the legality of sentence is an attack upon the power of a court to impose a given sentence. **See Commonwealth v. Lipinski**, 841 A.2d 537, 539 (Pa. Super. 2004). Legality of sentence issues occur generally either (1) when a trial court's traditional authority to use discretion in the act of sentencing is somehow affected; and/or (2) when the sentence imposed is patently inconsistent with the sentencing parameters set forth by the General Assembly. **See Commonwealth v. Foster**, 17 A.3d 332, 342 (Pa. 2011). The question of whether a claim implicates the legality of a sentence presents a pure question of law. **See id.** at 340 n.13. Issues relating to the legality of a sentence are reviewed *de novo,* and our scope of review is

plenary. *See Commonwealth v. Infante*, 63 A.3d 358, 363 (Pa. Super. 2013).

A trial court may not impose a term-of-years sentence on a juvenile convicted of homicide that equates to a *de facto* LWOP sentence unless it finds, beyond a reasonable doubt, that the juvenile is incapable of rehabilitation. *See Clary*, 226 A.3d at 581. We have distinguished between sentences that constitute *de facto* LWOP sentences and those that do not. *See Commonwealth v. Foust*, 180 A.3d 416, 438 (Pa. Super. 2018). Specifically, in *Foust*, we determined that while a 150–year sentence is the equivalent of a *de facto* LWOP sentence, a 30-years to life sentence does not constitute a *de facto* LWOP sentence. *See id*.

In guiding our determinations regarding particular minimum sentences, we have observed that a sentence is not a *de facto* LWOP sentence where there is "some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation." *Commonwealth v. Bebout*, 186 A.3d 462, 467 (Pa. Super. 2018) (citation omitted). Therefore, "it must at least be **plausible** that one could survive until the minimum release date with some consequential likelihood that a non-trivial amount of time at liberty awaits." *Id*. at 468 (emphasis in original). Conversely, if no meaningful opportunity for parole exists, the sentence constitutes a *de facto* LWOP sentence. *See id*. Accordingly, we have considered the age the appellant

would be eligible for parole to determine whether the sentence is the functional equivalent of LWOP. *See id*.

In *Clary*, we offered the following summary of several of our decisions that addressing concerns that the minimum sentence imposed amounted to a *de facto* sentence of LWOP:

> In *Commonwealth v. Anderson*, 224 A.3d 40, 47-48 (Pa. Super. 2019), a post-*Miller* case, the appellant received a sentence of 50 years' to life imprisonment upon resentencing. [*See Anderson*, 224 A.3d at 41-42]. Because Anderson was 17 years old at the time he began serving his sentence, he would, thus, be eligible for parole at age 67. *Id*. at [46-47]. We, therefore, concluded that his sentence was not the functional equivalent of LWOP. *Id*. at 47-48. *See also Bebout*, *supra* at 468 (concluding the appellant's 45 years to life sentence in which he would be eligible for parole at the age of 60 was not *de facto* LWOP); *Commonwealth v. Lekka*, 210 A.3d 343, 357-358 (Pa. Super. 2019) (concluding that because the appellant's term of 45 years' to life imprisonment rendered him eligible for parole at the age of 62, it was not a *de facto* LWOP sentence); *Foust*, *supra* at 438, 441 (concluding that the appellant's two consecutive 30 year to life sentences were not a *de facto* LWOP sentence and noting that even considering [the a]ppellant's aggregate sentence, he had a chance of being released into society in his 70s).

*Clary*, 226 A.3d at 581. Further, in *Clary*, we determined that because the appellant was eligible for parole for his first-degree murder conviction at the age of 58, he had a "meaningful opportunity to obtain release," and his sentence could not be considered *de facto* LWOP. *Id*. at 582.

Applying these considerations here, we likewise conclude that Harper did not receive a *de facto* LWOP sentence. The record reflects Harper

committed the murder in December 1997, which was just prior to his eighteenth birthday on January 9, 1998. Harper was convicted and sentenced in the summer of 1999, when he was 19 years old. Initially, he received a mandatory sentence of life imprisonment. On September 20, 2018, he was resentenced to a term of 35 years to life. Accordingly, Harper will be approximately 54 years old when his minimum sentence expires, and he becomes eligible for parole. Therefore, Harper has a meaningful opportunity to obtain release at the age of 54 and there is a likelihood that a non-trivial amount of time at liberty awaits. Accordingly, his claim that the minimum term amounts to a *de facto* LWOP sentence lacks merit.

In addition, we observe that while this appeal was pending, our Supreme Court issued the decision in **Commonwealth v. Felder**, 18 EAP 2018, 2022 Pa.Lexis 184, 2022 WL 529338 (Pa. filed February 23, 2022), which adds further support to our conclusion that this issue lacks merit. In **Felder**, the appellant was a juvenile convicted of first-degree murder and initially received a sentence of LWOP. **See id**. 2022 WL 529338 at *4-5. After the filing of **Miller**, the appellant was resentenced to serve a term of incarceration of fifty years to life. **See id**. at *5. Eventually, our Supreme Court granted allowance of appeal to address "whether a discretionary term-of-years sentence may be so long as to amount to a *de facto* life sentence, thereby triggering the substantive and procedural protections afforded by **Miller** and its progeny." **Id**. at *3.

In reaching its decision, the **Felder** Court reviewed the current state of the law since the United States Supreme Court's decision in **Jones v. Mississippi**, 141 S.Ct. 1307 (2021), and concluded that "even if a 50-years-to-life sentence amounts to a *de facto* life sentence, there is no **Miller** problem here." **Id**. at *30 (citation and quotation marks omitted). The Court made the following summarization of the law:

> [I]f a discretionary sentencing scheme is constitutionally sufficient to permit the imposition of a life-without-parole sentence on a juvenile homicide offender, so too can a court impose a sentence that is something less than life without parole. This includes a term-of-years sentence that may amount to a *de facto* life sentence. Stated differently, as long as the sentence was the product of a discretionary sentencing system that included consideration of the juvenile's youth, the Eighth Amendment is satisfied.

**Id**. at *30-31. Here, there is no question the minimum term-of-years sentence imposed upon Harper was the product of a discretionary sentencing system, which included consideration of his youth. For this reason, too, Harper's claim fails.

Harper next argues the imposition of a mandatory maximum sentence of life is illegal under the United States and Pennsylvania Constitutions. Specifically, he asserts the sentencing scheme fails to offer an individualized sentence to a juvenile. Harper further claims that although he may be paroled at some point, he will remain under extensive monitoring for his lifetime, which could result in additional incarceration.

In **Commonwealth v. Batts**, 66 A.3d 286 (Pa. 2013) (**Batts I**), the Pennsylvania Supreme Court addressed the sentencing of a juvenile offender convicted of first-degree murder. Noting that the United States Supreme Court in **Miller** declined to place a "categorical ban" on LWOP sentences for juvenile offenders, the Supreme Court in **Batts I** held that juvenile offenders convicted of first-degree murder could be subject to a LWOP sentence only after the court considered the sentencing criteria outlined in **Miller**. **Id**. at 296-99. Subsequently, in **Batts II**, our Supreme Court further examined the procedure for resentencing juvenile offenders who were improperly sentenced to life without parole prior to **Miller**.[2] This Court applied **Batts II** in **Commonwealth v. Seskey**, 170 A.3d 1105 (Pa. Super. 2017), and expressly held **Batts II** "requires that an individual convicted of first or second-degree murder for a crime committed as a minor be sentenced to a maximum term of life imprisonment." **Id**. at 1105-06 (footnote omitted). Likewise, in **Commonwealth v. Blount**, 207 A.3d 925, 938-39 (Pa. Super. 2019), a panel of this Court held the imposition of a mandatory maximum sentence of life in prison for a juvenile defendant convicted of first-degree murder prior to **Miller**

---

[2] We note that **Batts II** was recently abrogated in part by the United States Supreme Court in **Jones**, 141 S.Ct. 1307 (2021). The **Jones** Court confirmed that mandatory LWOP sentences for juvenile offenders violate the cruel and unusual punishment clause of the Eighth Amendment of the United States Constitution. **See Jones** at 1322. However, the Court held that sentencing schemes that allow the discretionary imposition of life sentences pass constitutional muster and do not require a separate factual finding of permanent incorrigibility. **See id**. at 1321.

was constitutional. Similarly, in **Commonwealth v. Olds**, 192 A.3d 1188, 1197-98 (Pa. Super. 2018), a panel of this Court held that the imposition of a mandatory maximum sentence of life in prison for a juvenile defendant convicted of second-degree murder prior to **Miller** was constitutional. Accordingly, pursuant to our precedent, the trial court was required to impose upon Harper a maximum sentence of life.

This Court has previously addressed and rejected Harper's claim that this sentencing scheme ignores the requirement that sentences be individualized. Specifically, this Court has addressed that identical claim and reaffirmed that trial courts must sentence juveniles convicted of first- or second-degree murder prior to June 25, 2012, to a maximum term of life imprisonment under 18 Pa.C.S.A. § 1102(b). **See Blount**, 207 A.3d 925 (rejecting the claim that a mandatory maximum term of life imprisonment as applied to juvenile offenders convicted of murder prior to **Miller** violates the mandate of individualized sentencing); **Commonwealth v. Ligon**, 206 A.3d 1196 (Pa. Super. 2019) (holding a sentence with a term of years minimum and maximum sentence of life does not violate **Miller's** individualized sentencing requirement, because it properly leaves ultimate decision of when

the defendant will be released to the parole board). Accordingly, because we are bound by our precedent, Harper is not entitled to relief on this issue.[3]

Harper last argues the trial court abused its discretion in fashioning his sentence. He asserts the trial court based his sentence mainly upon the serious nature of the crime and its impact upon the victim's family. Harper alleges the trial court ignored his rehabilitative needs and the fact that while he has been incarcerated for 20 years, he has shown that he is amenable to additional rehabilitation. Therefore, he contends the trial court failed to consider pertinent factors in creating his sentence.

Our standard of review is one of abuse of discretion. Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. **Commonwealth v. Shugars**, 895 A.2d 1270, 1275 (Pa. Super. 2006).

It is well settled there is no absolute right to appeal the discretionary aspects of a sentence. **Commonwealth v. Hartle**, 894 A.2d 800, 805 (Pa. Super. 2006). Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of

---

[3] To the extent Harper relies upon **Songster v. Beard**, 201 F.Supp.3d 639 (E.D.Pa. 2016) for support of his argument, this Court has previously expressly rejected an appellant's reliance on **Songster**. **See Olds**, 192 A.3d at 1197 n.18 ("[W]e do not agree with **Songster** and hold that it is not binding authority in Pennsylvania").

appeal. *See Commonwealth v. W.H.M.*, 932 A.2d 155, 163 (Pa. Super. 2007).

As we observed in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Moury*, 992 A.2d at 170 (citation and brackets omitted).

Here, the first three requirements of the four-part test are met. Harper brought an appropriate appeal, raised the issue in a post-sentence motion, and included in his appellate brief the necessary concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). We next determine whether he has raised a substantial question requiring us to review the discretionary aspects of the sentence imposed.

Whether a particular issue constitutes a substantial question about the appropriateness of sentence is a question to be evaluated on a case-by-case basis. *See Commonwealth v. Kenner*, 784 A.2d 808, 811 (Pa. Super. 2001). As to what constitutes a substantial question, this Court does not

accept bald assertions of sentencing errors. ***See Commonwealth v. Malovich***, 903 A.2d 1247, 1252 (Pa. Super. 2006). Rather, an appellant must show actions by the trial court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process. ***See Commonwealth v. Ferguson***, 893 A.2d 735, 737 (Pa. Super. 2006).

In his Rule 2119(f) statement, Harper argues the trial court abused its discretion by failing to consider certain factors pertaining to Harper's age and abhorrent childhood, as well as his proven amenability to rehabilitation. ***See*** Appellant's Brief at 58-59. This Court has found a substantial question exists where there is an allegation that the sentencing court failed to consider the factors set forth in 42 Pa.C.S.A. § 9721(b).[4] ***See Commonwealth v. Fullin***, 892 A.2d 843, 847 (Pa. Super. 2006) (concluding that the appellant raised a substantial question where it was alleged that the trial court failed to properly consider the factors set forth in 42 Pa.C.S.A. § 9721(b)). Therefore, Harper has raised a substantial question. As such, we will review the merits of Harper's sentencing claim.

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. ***See Fullin***, 892 A.2d at 847. In this context, an abuse of

---

[4] The factors to be considered under 42 Pa.C.S.A. § 9721(b) include: the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of the defendant. ***See*** 42 Pa.C.S.A. § 9721(b).

discretion is not shown merely by an error in judgment. *See id*. Rather, an appellant must establish by reference to the record that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias, or ill will, or arrived at a manifestly unreasonable decision. *See id*.

The sentencing judge has broad discretion in determining the proper penalty, and this Court accords the sentencing court great deference, as it is the sentencing court that is in the best position to view a defendant's character, displays of remorse, defiance, or indifference and the overall effect and nature of the crime. *See Commonwealth v. Walls*, 926 A.2d 957, 961 (Pa. 2007) (quotations and citations omitted). As we have stated, "[a] court is required to consider the particular circumstances of the offense and the character of the defendant." *Commonwealth v. Griffin*, 804 A.2d 1, 10 (Pa. Super. 2002) (citation omitted). "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." *Id*.

In addition, "[o]ur Supreme Court has determined that where the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." *Commonwealth v. Ventura*, 975 A.2d 1128, 1133 (Pa. Super. 2009) (citing *Commonwealth v. Devers*, 546 A.2d 12 (Pa. 1988)).

Our review of the record reflects that, at the time of Harper's resentencing, the trial court set forth in painstaking detail the relevant evidence and exhibits it took into consideration in fashioning the sentence. *See* N.T., 9/20/18, at 8-18. This recitation summarized the extensive testimony and exhibits presented at the four-and-one-half-hour evidentiary hearing held on August 22, 2018. *See* N.T., 8/22/18, at 1-175. Importantly, prior to announcing the judgment of sentence, the trial court gave a detailed account of Harper's personal and criminal history, Harper's rehabilitative needs, and his positive performance and rehabilitation during his incarceration. *See* N.T., 9/20/18, at 15-18. The trial court further elaborated on its full understanding and consideration of the factors relevant for imposition of the instant sentence upon Harper in its written opinion. *See* Trial Court Opinion, 3/2/21, at 6-8.

We conclude the reasons the trial court offered for the sentence imposed were more than sufficient to conclude that the court properly considered all relevant factors in fashioning Harper's sentence. Also, because the trial court had been fully informed and relied upon the presentence report, we conclude the trial court did not abuse its discretion in creating the instant sentence. Accordingly, Harper's claim that the trial court failed to consider the appropriate factors in imposing the sentence lacks merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>3/28/2022</u>