J-S39009-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SCOTT A. NOLL | : | |
| | : | |
| Appellant | : | No. 925 MDA 2022 |

Appeal from the Judgment of Sentence Entered March 21, 2022
In the Court of Common Pleas of Franklin County
Criminal Division at No(s):  CP-28-MD-0000467-1988

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and NICHOLS, J.

MEMORANDUM BY PANELLA, P.J.:          **FILED: FEBRUARY 2, 2023**

Scott A. Noll appeals from the judgment of sentence of an aggregate sentence of 45 years to life imprisonment imposed upon his resentencing. Noll argues that the trial court imposed an excessive sentence without properly accounting for his juvenile status at the time of the offenses and his rehabilitative needs. We affirm.

In April 1987, the Commonwealth charged Noll with three counts of criminal homicide, one count of arson, and one count of burglary, after Noll set fire to a mobile home, and killed the three occupants of the home, Dawn Leingang and her two young sons. Noll was 14 years old at the time he committed the offenses. On August 1, 1988, Noll entered a plea of *nolo contendere* to three counts of second-degree murder. The trial court sentenced Noll to an aggregate term of life imprisonment without parole. This

Court affirmed the judgment of sentence and the Pennsylvania Supreme Court denied allowance of appeal. *See Commonwealth v. Noll*, 564 A.2d 262 (Pa. Super. 1989) (unpublished memorandum), *appeal denied*, 569 A.2d 1365 (Pa. 1989).

In 2010, Noll filed a petition for relief pursuant to the Post Conviction Relief Act ("PCRA"), which the PCRA court denied. This Court affirmed the denial. *See Commonwealth v. Noll*, 2001 MDA 2010 (Pa. Super. filed Jul. 27, 2011).

On August 8, 2012, Noll filed a PCRA petition, alleging that *Miller v. Alabama*, 567 U.S. 460, 479 (2012) (holding that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders."), rendered his sentences unconstitutional. Subsequently, in March 2016, Noll filed an amended PCRA petition, asserting *Miller* applied retroactively to his case based upon *Montgomery v. Louisiana*, 577 U.S. 190, 212 (2016) (holding that *Miller* announced a new substantive rule that applied retroactively on collateral review). In June 2017, our Supreme Court decided *Commonwealth v. Batts*, 163 A.3d 410 (Pa. 2017) ("*Batts II*"), which devised a procedure to implement *Miller* and *Montgomery*. The *Batts II* Court held that *Miller* and *Montgomery* "unambiguously permit the imposition of a life-without-parole sentence upon a juvenile offender only if the crime committed is indicative of the offender's permanent incorrigibility; that the crime was not the result of the 'unfortunate

- 2 -

yet transient immaturity' endemic of all juveniles." ***Batts II***, 163 A.3d at 435 (citation omitted).

On August 8, 2017, in light of ***Batts II***, the PCRA court held a status conference. Thereafter, Noll filed a motion for appointment of a forensic evaluator for resentencing. The PCRA court granted the motion and appointed Amy Taylor, Psy.D., to complete an evaluation on Noll's behalf. The Commonwealth retained the services of Frank Datillio, Ph.D., who also evaluated Noll. Following several status conferences, the PCRA court scheduled a resentencing hearing for August 30, 2021. However, in the interim, the United States Supreme Court decided ***Jones v. Mississippi***, 141 S. Ct. 1307 (2021). The ***Jones*** Court reaffirmed the holdings of ***Miller*** and ***Montgomery*** but held that "a separate factual finding of permanent incorrigibility is not required" by the Eighth Amendment, ***Miller***, or ***Montgomery*** "before a sentencer imposes a life-without-parole sentence on a murderer under 18." ***Jones***, 141 S. Ct. at 1318–19. Subsequently, our Supreme Court issued ***Commonwealth v. Felder***, 269 A.3d 1232 (Pa. 2022), wherein it held that the ***Batts II*** procedural requirements are not constitutionally required. ***See id.*** at 1244. The ***Felder*** Court concluded that "sentencing courts are required to consider only the relevant sentencing statutes, which will guarantee that the sentencer considers the juvenile's youth and attendant characteristics as required by ***Miller***." ***Id.*** at 1246; ***see also id.*** (noting that "[s]o long as the sentence imposed is discretionary and

takes into account the offender's youth, even if it amounts to a *de facto* life sentence, **Miller** is not violated."). The Court further pronounced that "permanent incorrigibility is not an eligibility criterion akin to sanity or a lack of intellectual disability, rather it is a sentencing factor akin to a mitigating circumstance." *Id.* at 1245 (citation, brackets, and quotation marks omitted).

At the sentencing hearing for Noll, the trial court heard victim impact testimony from Leingang's brothers, and testimony from a police officer regarding the crimes. Thereafter, the parties filed sentencing memoranda. Ultimately, the trial court resentenced Noll to 22½ years to life imprisonment for each of the three counts and ordered that two of the counts were to run consecutively and the remaining count was to run concurrently. Noll filed a post-sentence motion to modify the sentence, which the trial court denied. This timely appeal followed.

> On appeal, Noll raises the following question for our review:
>
> Did the trial court commit an abuse of discretion when it re-sentenced [] Noll in three counts of Second-Degree Murder to a period of concurrent twenty-two and one-half years (22½ years) to life in counts 1 and 2, and a consecutive sentence of twenty-two and one-half years (22½ years) to life in count 3, where such a sentence will have the [] Noll not reaching parole eligibility until he is fifty-nine years (59 years) old, thereby depriving him of the benefit of a years-to-life sentence?

Appellant's Brief at 4.

Noll challenges the discretionary aspects of his sentence.[1] "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted). Prior to reaching the merits of a discretionary sentencing issue, this Court conducts a four-part analysis:

> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Moury*, 992 A.2d at 170 (citation and brackets omitted).

Here, Noll filed a timely appeal and preserved his claim in his post-sentence motion. Noll also included a separate Rule 2119(f) Statement in his brief; accordingly, we will review his Rule 2119(f) statement to determine whether he has raised a substantial question. *See Commonwealth v. Provenzano*, 50 A.3d 148, 154 (Pa. Super. 2012) (stating that "we cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial question exists." (citation omitted)).

---

[1] As noted above, under *Felder*, "the sentencing court's consideration of the factors of youth goes to its sentencing discretion and not to the legality." *Commonwealth v. Schroat*, 272 A.3d 523, 526 (Pa. Super. 2022).

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." ***Commonwealth v. Edwards***, 71 A.3d 323, 330 (Pa. Super. 2013). "A substantial question [exists] only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Id.*** (citation omitted).

In his Rule 2119(f) statement, Noll argues that the trial court's sentence was excessive and did not give proper weight to evidence that he was a low risk to the community and his rehabilitative needs. ***See*** Appellant's Brief at 12-13. Noll's claims raise a substantial question. ***See Commonwealth v. Cartrette***, 83 A.3d 1030, 1042-43 (Pa. Super. 2013) (finding that a substantial question was presented where appellant alleges sentence was manifestly excessive because court did not consider all sentencing factors).

Our standard of review of a challenge to the discretionary aspects of a sentence is well settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Watson***, 228 A.3d 928, 936-37 (Pa. Super. 2020) (citation omitted).

Sentencing is individualized in Pennsylvania and requires that the trial court fashion a sentence that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. *See* 42 Pa.C.S.A. § 9721(b). When sentencing to total confinement, the court must consider "the history, character, and condition of the defendant[.]" 42 Pa.C.S.A. § 9725. "The balancing of the sentencing factors is the sole province of the sentencing court." *Commonwealth v. Miller*, 275 A.3d 530, 535 (Pa. Super. 2022). Further, the trial court, which is present at the hearing and observes all witnesses and the defendant firsthand, "is in the best position to view a defendant's character, displays of remorse, defiance, or indifference and the overall effect and nature of the crime." *Commonwealth v. Harper*, 273 A.3d 1089, 1097 (Pa. Super. 2022) (citation omitted).

Noll contends that the trial court should have imposed an aggregate sentence of 40 years to life in prison instead of 45 years to life in prison based upon the facts in this case. *See* Appellant's Brief at 22-23, 28. While conceding that total confinement was proper and that the trial court did not have to review the factors set at 18 Pa.C.S.A. § 1102.1 in fashioning his sentence, Noll argues that more incarceration was not required to ensure that a juvenile who was 14 years old at the time of the crimes has paid his debt to society. *See id.* at 24. Noll acknowledges that he was solely responsible for the deaths but asserts that he did not purposefully kill the three people because he

believed that the home was empty. *See id.* Noll further claims that he was amenable to treatment in the juvenile system at the time he entered his plea. *See id.* at 24-25. Noll also notes that he obtained his GED and held employment while in prison, his mental capacity was not negatively impacted in prison, and he did not exhibit antisocial behavior. *See id.* at 13-14, 25-26. Noll highlights that Dr. Taylor opined that he would not be served by serving a longer prison sentence. *See id.* at 26-27. Noll argues that the trial court's reasoning of needing additional time (10 years from the time of resentencing) in prison to participate in programs to prepare him for reintegration into the community was not supported by the record. *See id.* at 27-28. Indeed, Noll suggests that he could complete these programs in 5 years, which would result in an aggregate sentence of 40 years to life in prison. *See id.* at 28.

As an initial matter, Section 1102.1(c) states that "[a] person who has been convicted after June 24, 2012, of a murder of the second degree … and … who at the time of the commission of the offense was under 15 years of age shall be sentenced to a term of imprisonment the minimum of which shall be at least 20 years to life." 18 Pa.C.S.A. § 1102.1(c). Because Noll was convicted of second-degree murder prior to June 24, 2012, the trial court was not required to consider section 1102.1(c) when imposing the sentence. However, a trial court may consider the factors set forth at Section 1102.1(d) for guidance. *See Miller*, 275 A.3d at 535; *Commonwealth v. Summers*, 245 A.3d 686, 693 (Pa. Super. 2021).

Section 1102.1(d) states the following:

In determining whether to impose a sentence of life without parole under subsection (a),[2] the court shall consider and make findings on the record regarding the following:

(1)     The impact of the offense on each victim, including oral and written victim impact statements made or submitted by family members of the victim detailing the physical, psychological and economic effects of the crime on the victim and the victim's family. A victim impact statement may include comment on the sentence of the defendant.

(2)     The impact of the offense on the community.

(3)     The threat to the safety of the public or any individual posed by the defendant.

(4)     The nature and circumstances of the offense committed by the defendant.

(5)     The degree of the defendant's culpability.

(6)     Guidelines for sentencing and resentencing adopted by the Pennsylvania Commission on Sentencing.

(7)     Age-related characteristics of the defendant, including:
(i) Age.
(ii) Mental capacity.
(iii) Maturity.
(iv) The degree of criminal sophistication exhibited by the defendant.
(v) The nature and extent of any prior delinquent or criminal history, including the success or failure of any previous attempts by the court to rehabilitate the defendant.
(vi) Probation or institutional reports.
(vii) Other relevant factors.

*Id.* § 1102.1(d) (footnote added).

_____

2 Subsection (a) relates to juvenile defendants who have been convicted of first-degree murder after June 24, 2012.

Here, the trial court considered the factors set forth at subsection (d) and took into account, *inter alia*, the pre-sentence memoranda by both parties; the initial incident report and supplemental reports; depositions of investigators; the transcript of the *nolo contendere* plea hearing and original sentencing hearing; work history for Noll; GED and Certificates of Completion; juvenile lifer packet; the August 30, 2021 resentencing hearing transcript; Noll's evaluations by Dr. Taylor and Dr. Datillio; and victim impact statements from Leingang's brothers and parents. *See* Trial Court Opinion, 6/2/22, at 5-9; *see also* N.T., 8/30/21, at 35-48 (wherein Leingang's brothers testified at the sentencing hearing). More specifically, the trial court noted that Noll was 14 years old at the time of the offenses, and that he was 49 years old at resentencing. *See* Trial Court Opinion, 6/2/22, at 7. The trial court highlighted that Noll was the sole perpetrator of the offenses and was responsible for the death of a young mother and her children. *See id.* at 7, 8. The trial court noted that Noll denied knowing the victims were in the home when he burned it down. *See id.* at 8. Nevertheless, the trial court observed that the murders had a serious impact on the community with respect to the community's sense of safety and security in their homes. *See id.* at 7. Further, the trial court considered that Noll had previously been diagnosed with conduct disorder with aggressive tendencies, but Dr. Taylor had found Noll obtained his GED and held employment in prison, and that he had matured during his time in prison and there were no concerns about his mental capacity. *See id.* at 8, 9; *see*

*also* Taylor Report, 5/17/19, at 24, 26. The trial court also stated that Dr.

Taylor found that Noll had expressed genuine remorse and that in her opinion,

public interest would not be served by keeping Noll in prison for decades. *See*

Trial Court Opinion, 6/2/22, at 9; *see also* Taylor Report, 5/17/19, at 28.

Additionally, the trial court noted Dr. Datillio's concern regarding Noll's

apathetic attitude toward therapeutic intervention and lack of emotional

content underlying his remorse; Dr. Datillio felt the best time to address these

concerns was in prison to take advantage of treatment by the Department of

Corrections. *See* Trial Court Opinion, 6/2/22, at 9; *see also* Datillio Report,

10/16/19, at 29, 30.

> In addressing Noll's claims, the trial court concluded as follows:
>
> Based upon the foregoing, [the trial court] found the facts and circumstances of [Noll's] offenses necessitated a lengthy sentence. We weighed the differing reports and opinions the two evaluators provided in this case, specifically, Dr. Taylor's opinion that it is not in the public interest to keep [Noll] in prison for decades to come, and Dr. Datillio's opinion that there are significant concerns for which [Noll] requires additional time in prison to allow him to take advantage of treatment options available through the Department of Corrections prior to being considered for release into the community. Significantly, [the trial court] determined that all of the information available … suggested, rather than be released now, [Noll] and the public would be best served by [Noll] serving a minimum of ten more years during which he will have the opportunity to participate in programs intended to prepare him for reintegration into the community. We explicitly made as a special condition of sentence participation in any program deemed necessary to reentry or rehabilitation, and further recommended anger management and mental health evaluation and/or treatment. As the discussion above further reveals, we took due consideration of the relevant mitigating factors as well, and the unfortunate history of this case

through the court system, and accordingly decided an opportunity for parole was warranted.

It is [the trial court's] belief that the sentence imposed reflects an appropriate balance between these findings, as well as the remainder of the facts and concerns raised in this matter. [The trial court] note[s] that there is no contention or indication that we failed to consider any relevant information or that we did not give any relevant factor its due weight. Rather, [Noll] makes clear he is simply dissatisfied with the result. However, for the reasons [the trial court] put on the record and set forth here, [the trial court] continue[s] to find the sentence appropriate and see no compelling reason to alter it now.

Trial Court Opinion, 6/2/22, at 9-10.

Here, we conclude that the trial court did not abuse its discretion in imposing the aggregate sentence, as it considered and weighed all the relevant sentencing factors. Indeed, the trial court considered the protection of the public, the gravity of the murders and the impact on the community, and the rehabilitative needs of Noll. Moreover, the trial court acknowledged Noll's age at the time he committed the murders, Noll's belief that there was no one in the home when he set it on fire, and Noll's efforts at rehabilitation and that fact he received his GED and was employed while in prison. However, the trial court found that Noll's rehabilitative needs and his potential reentry and reintegration into society required the services provided by the Department of Corrections and a longer sentence. Accordingly, because it is within the trial court's province to weigh the evidence and sentencing factors, we conclude that Noll's aggregate sentence of 45 years to life in prison is not manifestly unreasonable and the trial court did not abuse its discretion. ***See***

*Miller*, 275 A.3d at 536 (concluding that the trial court did not abuse its discretion in imposing a sentence of 55 years to life in prison on a juvenile offender who killed a person, as the trial court considered and weighed the relevant sentencing factors); *Harper*, 273 A.3d at 1098 (holding that the trial court did not abuse its discretion in imposing a sentence of 35 years to life in prison on a juvenile defendant, where the trial court gave full consideration of the sentencing factors, including defendant's personal and criminal history, his rehabilitative needs, and his positive rehabilitation performance during his incarceration).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/02/2023