J-S18015-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANIEL ROBERT KNISELY | : | |
| | : | |
| Appellant | : | No. 1007 WDA 2023 |

Appeal from the Judgment of Sentence Entered April 21, 2023
In the Court of Common Pleas of Forest County
Criminal Division at No(s):  CP-27-CR-0000058-2022

BEFORE:  PANELLA, P.J.E., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY PANELLA, P.J.E.:          **FILED: AUGUST 5, 2024**

Daniel Robert Knisely appeals from the judgment of sentence entered on April 21, 2023, for his convictions of two counts of aggravated assault and a single count of discharge of a firearm into an occupied structure.[1] Knisely challenges the discretionary aspects of his sentence. We affirm.

The trial court set forth the relevant procedural history:

> On April 21, 2023, [Knisely] was sentenced at Count 1, Aggravated Assault – Attempt to Cause Serious Bodily Injury or Causes Serious Bodily Injury (Felony 1) to a term of seventy (70) months to one hundred forty (140) months[, and at] Count 2, Aggravated Assault – Attempt to Cause Serious Bodily Injury or Cause Serious Bodily Injury (Felony 1) to a term of seventy (70) months to one hundred forty (140) months. These offenses are to run consecutively. [At] Count 4, Discharge of Firearm Into Occupied Structure [no further sentence was imposed]. [Knisely] received an aggregate sentence of one hundred forty (140) months to two hundred eighty (280) months. … On or about

---

[1] 18 Pa.C.S.A. §§ 2702(a)(1), and 2707.1(a), respectively.

August 4, 2023, the court denied [Knisely's] motion of reconsideration of sentence. A timely appeal followed.[2]

Trial Court Opinion, 10/24/23, at 1-2 (footnotes omitted).

We have not been provided with a copy of Knisely's guilty plea transcript nor has Knisely or the trial court provided us with the factual basis for Knisely's plea. The Commonwealth noted that Knisely discharged multiple shotgun rounds into an occupied residence while two people were inside the residence. *See* Appellee's Brief, at 2. Knisely did not file a reply brief challenging these facts, therefore, we accept them as the basis for Knisely's plea.

Knisely raises one claim:

Whether the sentencing court erred and/or abused its discretion when it imposed a sentence without giving due consideration to all the relevant factors under 42 Pa.C.S.A. Section 9721(b); including but not limited to the rehabilitative needs of [Knisely]?

Appellant's Brief, at 4.

Knisely challenges the discretionary aspects of his sentence. This is therefore a petition for permission to appeal. ***See Commonwealth v. Rhoades***, 8 A.3d 912, 916 (Pa. Super. 2010).

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a

---

[2] Knisely complied with the trial court's order to file a Rule 1925(b) statement. ***See*** Pa.R.A.P. 1925(b).

substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

***Commonwealth v. Swope***, 123 A.3d 333, 337 (Pa. Super. 2015) (citation and brackets omitted).

Knisely filed a timely notice of appeal, preserved the issue in a motion to modify his sentence, and he included a Rule 2119(f) statement in his brief. As Knisely met the first three requirements, we determine if he raised a substantial question that his sentence is not appropriate under the Sentencing Code.

Knisely asserts that his sentence is "unreasonably harsh and manifestly excessive" because the trial court did not consider his rehabilitative needs and mitigating circumstances, including Knisely's "advanced age." Appellant's Brief, at 9. This raises a substantial question. ***See Commonwealth v. Raven***, 97 A.3d 1244, 1253 (Pa. Super. 2014) ("[T]his Court has held that an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question.") (citation omitted). We turn to the merits of his appeal.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Taylor***, 277 A.3d 577, 592-93 (Pa. Super. 2022) (citation omitted).

Here, Knisely was sentenced within the standard guideline ranges for his offenses. ***See*** Appellant's Brief, at 10 (conceding the sentences were within the standard guideline ranges). As such, we are guided by the statutory mandate of section 9781(c)(2):

> (c) Determination on appeal.—The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:
>
> ***
>
> (2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable[.]
>
> ***
>
> In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S.A. § 9781(c)(2). In determining whether the sentence is clearly unreasonable:

> we consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the opportunity of the sentencing court to observe the defendant, including any presentence investigation; (3) the findings upon which the sentence was based; and (4) the guidelines promulgated by the commission. 42 Pa.C.S.A. § 9781(d).

***Commonwealth v. Morrobel***, 311 A.3d 1153, 1158 (Pa. Super. 2024) (brackets and quotation marks omitted). "In addition, our Supreme Court has determined that where the trial court is informed by a pre-sentence report, it

- 4 -

is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." *Commonwealth v Harper*, 273 A.3d 1089, 1097-98 (Pa. Super. 2022) (citations omitted).

Knisely claims that the trial court imposed a manifestly excessive sentence because "his advanced age calls for an individualized sentence that includes the possibility for treatment rather than warehousing." Appellant's Brief, at 12. Knisely was 67 years old at the time of sentencing. He further asserts that the imposed period of incarceration is "essentially a life sentence[.]" *Id.* On this basis, Knisely maintains the trial court abused its discretion. We disagree.

The trial court reviewed the pre-sentence investigation report, and "considered [Knisely's] comments, [and] the comments made on [Knisely's] behalf by [his] son and [] attorney." N.T. Sentencing, 4/21/23, at 14. The trial court considered Knisely's "age and amenability to treatment." Trial Court Opinion, 10/24/23, at 3.

Knisely believes that the trial court erred in imposing, what may be, a life sentence. *See* Appellant's Brief, at 11-12. Knisely asserts *Commonwealth v. Dodge*, 957 A.2d 1198 (Pa. Super. 2008), supports his claim. However, *Dodge* involved non-violent offenses. Knisely's case is clearly distinguishable, as he pled to violent crimes, aggravated assault, for firing a shotgun into an occupied home. Furthermore, unlike the trial court in *Dodge*,

the trial court here did acknowledge that this may be a life sentence for Knisely, but duly noted that "[u]nfortunately, the actions are very serious actions when one uses a shotgun to shoot at two separate victims." N.T. Argument Hearing, 8/4/23, at 7. Further, Knisely will be eligible for parole before his 80th birthday. While it is true that he will not max out his sentence until after his 91st birthday, we do not find this is an abuse of the trial court's discretion based upon the facts of this case.

The trial court did not abuse its discretion in imposing the aggregate sentence of 140 months to 280 months. Knisely's claim has no merit.

Judgment of sentence affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 8/5/2024