J-S45034-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL BALTIMORE JR. | : | |
| | : | |
| Appellant | : | No. 445 MDA 2025 |

Appeal from the Judgment of Sentence Entered September 19, 2023
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s):  CP-21-CR-0003351-2019

BEFORE:   STABILE, J., MURRAY, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED: MARCH 4, 2026**

Appellant, Michael Baltimore Jr., appeals from the judgment of sentence imposed by the Court of Common Pleas of Cumberland County following the revocation of probation for his conviction of theft by receiving stolen property.[1] He challenges the discretionary aspects of his sentencing on appeal. After careful review we affirm.

On August 10, 2020, Appellant pled *nolo contendere* to one count of theft by receiving stolen property, which was a firearm. **See** Order (*nolo contendere* plea), 8/10/20, at 1. On September 22, 2020, the court ordered Appellant to serve a sentence of sixty months' probation. **See** Order (sentencing), 9/22/20, at 1. Appellant's original sentence was a substantial

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 18 Pa.C.S. § 3925(a).

departure below the mitigated range recommended by the Pennsylvania Sentencing Guidelines: 40 to 52 months of state imprisonment, plus or minus nine months for aggravating or mitigating circumstances.[2] Additionally, the court ordered that supervision would end, should Appellant serve eighteen consecutive months without "getting into trouble" following his release from prison. *Id.*

On December 27, 2021, Appellant's probation officer filed a petition for revocation of probation and issuance of a bench warrant, alleging that Appellant violated his probation. *See* Petition for Revocation of Probation, 12/27/21, at 1. The petition stated that Appellant failed to remain free of arrest and report any police contacts to his probation officer. *See id.* Specifically, on May 24, 2021, Appellant was charged in Cumberland County with criminal homicide, aggravated assault, persons not to possess, use manufacture, control, sell or transfer firearms, and recklessly endangering another person. *See id.* The court issued a bench warrant on December 27, 2021. *See* Bench Warrant, 12/27/21, at 1.

Appellant was a fugitive until January 13, 2023, when he was arrested on local charges in Broward County, Florida. *See* Amended Petition for

---

[2] *See* Guideline Sentencing Form, 9/22/20, at 1 (noting Appellant's prior record score is a repeat felony offender (REFL) and offense gravity score of eight for theft by receiving stolen property); *see also* 204 Pa. Code § 303.15 (a)(4) (7th ed., amend. 4) (comprehensive offense list setting forth the offense gravity score of 8 for theft by receiving stolen property (firearm/receiver not in business) under Section 3925(a)); 204 Pa. Code § 303.16(a) (7th ed., amend. 4) (applicable basic sentencing matrix).

Revocation of Probation, 7/6/23, at 1. On July 6, 2023, Appellant's probation officer filed an amended petition for revocation of probation and requested a probation violation hearing. *See id.* The amended petition alleged that Appellant committed the following violations of his probation: (1) on January 7, 2021, Appellant was charged in Cumberland County with aggravated assault, strangulation, fleeing or attempting to elude an officer, terroristic threats, simple assault, and harassment; (2) the May 24, 2021 charges mentioned above; (3) Appellant's failure to notify his probation officer of his changed address; and (4) Appellant's arrest for local charges in Broward County, Florida. *See id.*

On September 19, 2023, Appellant appeared for a revocation hearing. Appellant admitted to all four violations alleged in the petition. *See* Revocation Hearing, 9/19/23, at 2. The sentencing court accepted Appellant's admission and noted that it possessed an updated pre-sentence investigation (PSI) report. *See id.* at 2-3. That same day, Appellant's probation was revoked and he was sentenced to four to ten years in a state correctional institution. *See id.* at 3; Order (revocation of probation), 9/19/23; Order (re-sentencing), 9/19/23.[3] The court further granted the defense request that Appellant remain

_____

[3] Appellant was resentenced within the standard range recommended by the Pennsylvania Sentencing Guidelines: 40 to 52 months of imprisonment, plus or minus nine months for aggravating or mitigating circumstances. *See* Guideline Revocation/Resentence Form, 9/19/23, at 1 (noting Appellant's prior record score is a repeat felony offender (REFL) and offense gravity score of eight for theft by receiving stolen property); *see also* 204 Pa. Code §
*(Footnote Continued Next Page)*

in Cumberland County jail instead of being incarcerated in a state prison, due to Appellant's pending homicide trial. ***See id.*** at 2-3.

Appellant filed a timely post-sentence motion asking the sentencing court to reconsider his sentence, which the court denied. ***See*** Post-Sentence Motion, 9/29/23; Order (denying post-sentence motion), 10/3/23. On Monday, November 4, 2024, Appellant filed a timely, counseled post-conviction relief act[4] petition stating that he "wished" for counsel to file a direct appeal, but that counsel determined it would be meritless and declined to file the appeal. ***See*** PCRA Petition, 11/4/24. Thereafter, Appellant was granted leave to proceed in *forma pauperis* and, following the grant of Appellant's PCRA petition and reinstatement of his appeal rights, this appeal followed. ***See*** Order, 3/5/25, at 1 (reinstating Appellant's appeal rights *nunc pro tunc*). Appellant filed a timely notice of appeal, and he and the sentencing court complied with Pennsylvania Rule of Appellate Procedure 1925. ***See*** Notice of Appeal, 4/2/25; 1925(b) Statement Order, 4/4/25; 1925(b) Statement, 4/8/25; Sentencing Court Opinion, 6/24/25.

---

303.15 (a)(4) (7th ed., amend. 4) (comprehensive offense list setting forth the offense gravity score of 8 for theft by receiving property (firearm/receiver not in business) under Section 3925(a)); 204 Pa. Code § 303.16(a) (7th ed., amend. 4) (applicable basic sentencing matrix). The Resentencing Guidelines did not apply to Appellant's revocation of probation because he committed the stolen property offense before January 1, 2024. ***See*** 204 Pa. Code § 307(b)(2) (stating resentencing guidelines apply to revocation of probation for "all offenses committed on or after January 1, 2024[.]").

[4] ***See*** 42 Pa.C.S. § 9542.

Appellant raises one question for our review: "Whether the [sentencing] court abused its discretion by imposing a revocation sentence of four [] to ten [] years in a state correctional institution was unduly harsh and excessive for a first-time revocation?" Appellant's Brief at 8.

We acknowledge that "in an appeal from a sentence imposed after the court has revoked probation, we can review the validity of the revocation proceedings, the legality of the sentence imposed following revocation, and any challenges to the discretionary aspects of the sentence imposed." *Commonwealth v. Slaughter*, 339 A.3d 456, 464 (Pa. Super. 2025) (citation omitted). "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Lawrence*, 313 A.3d 265, 284 (Pa. Super. 2024) (citation and brackets omitted).

Since Appellant is challenging the discretionary aspects of his sentence, he must invoke this Court's jurisdiction by satisfying a four-part test:

> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, [*see*] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

*Commonwealth v. Harper*, 273 A.3d 1089, 1096 (Pa. Super. 2022) (citing *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citation and brackets omitted)). "Only if the appeal satisfies these requirements may

we [review] the substantive merits of Appellant's claim." ***Commonwealth v. Luketic***, 162 A.3d 1149, 1159-60 (Pa. Super. 2017).

Here, Appellant met the first three requirements. ***See Harper,*** 273 A.3d at 1096. He filed a timely appeal to this Court, preserved the issue for our review in his post-sentence motion, and included a Rule 2119(f) statement in his brief. ***See*** Appellant's Brief at 9. Therefore, we must decide whether Appellant has raised a substantial question for our review.

"The determination of whether a particular case raises a substantial question is to be evaluated on a case-by-case basis." ***Commonwealth v. Neafie***, 341 A.3d 813, 818 (Pa. Super. 2025) (citation omitted). This Court will not look beyond the statement of questions involved and the prefatory Rule 2119(f) statement to determine whether a substantial question exists. ***See Commonwealth v. Radecki***, 180 A.3d 441, 468 (Pa. Super. 2018). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Caldwell***, 117 A.3d 763, 768 (Pa. Super. 2015) (*en banc*).

Appellant states he has presented a substantial question because the sentencing court "[i]mposed a sentence near the top of the standard range, following only a first petition alleging violations of probation was excessive and harsh, particularly in the context of the other unproven allegations pending against him." Appellant's Brief at 9.

After our review, we find that Appellant has articulated a specific basis on which his sentence might be viewed as contrary to a fundamental sentencing norm and therefore has presented a substantial question for our review.[5]

Our standard of review challenging discretionary aspects of sentencing is well-settled:

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which absent an abuse of discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment – a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable or the result of partiality prejudice, bias, or ill-will.

**Commonwealth v. Starr**, 234 A.3d 755, 760-61 (Pa. Super. 2020) (citation omitted).

Relevant here, Section 9721(b) provides  that the "sentence imposed should call for total confinement that is consistent with…the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). "Our Supreme Court has determined that where the trial

---

[5] We note that Appellant's statement was close to boilerplate, which would have been inadequate to "articulate any actual reason for […] seeking to appeal the discretionary aspects of sentence." **Neafie**, 341 A.3d at 818. However, unlike the statement reviewed in **Neafie**, Appellant's statement specifies "where his sentence falls in relation to the sentencing guidelines" and identifies an alleged sentencing norm, first-time revocation, that may have been violated. **See id.** Accordingly, we have decided to review the merits of Appellant's argument.

court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." ***Commonwealth v. Ventura***, 975 A.2d 1128, 1135 (Pa. Super. 2009) (citing ***Commonwealth v. Devers***, 546 A.2d 12, 18–19 (Pa. 1988)). Regarding revocation of probation proceedings:

> The court shall not impose a sentence of total confinement upon revocation unless it finds that: (1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or (3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S. § 9771(c) (formatting altered) (version effective at time of Appellant's revocation sentence; newest version became effective October 20, 2025).

Following a revocation of probation and resentencing of an offender, the court must disclose on the record at the time of sentencing a statement of reasons for the sentence imposed. ***See Commonwealth v. Colon***, 102 A.3d 1033, 1044 (Pa. Super. 2014); Pa.R.Crim.P. 708(D)(2) (indicating that during sentence following revocation of probation, "[t]he judge shall state on the record the reasons for the sentence imposed."). "[A] sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statutes in question." ***Commonwealth v. Pasture***, 107 A.3d 21, 28 (Pa. 2014). Moreover a "court does not necessarily abuse its discretion in imposing a seemingly harsher post-revocation sentence where

- 8 -

the defendant received a lenient sentence and then failed to adhere to the conditions imposed on him." *Id.*

Appellant argues that the revocation court abused its sentencing discretion by imposing a term of incarceration "near [the] top of the standard range" of the Sentencing Guidelines. Appellant's Brief at 11. Nevertheless, Appellant concedes that "it was reasonable for the court to impose a sentence of some incarceration as a result of his admitted violations." *Id.* at 16. He thus limits his argument to a complaint that it was manifestly unreasonable to impose a standard range of incarceration but provides no argument in support of that claim. *See id.* Appellant also contends that the sentencing court abused its discretion by failing to meaningfully consider the required sentencing factors, by substantially relying on pending charges, and by allowing partiality or bias to influence its sentencing determination. *See id.*

Appellant asserts that the sentencing court's explanation for his sentence "was insufficient to support consideration of his rehabilitative needs" and other mandatory sentencing factors. Appellant's Brief at 15 (citing 42 Pa.C.S. § 9271(b)). Further, Appellant concedes that a court may consider the seriousness of pending charges. *See id.* at 17. However, Appellant alleges that the revocation court was biased because it knew too much about him, and as a result may have imposed a harsher sentence. *See id.*

Specifically, during resentencing, the court exceeded what is permissible by taking significant offense to defense counsel's tardiness, characterizing Appellant's homicide case as "uncomplicated," indicating it would preside over

that matter, and expressing impatience regarding perceived delay in bringing that case to trial. *See* Appellant's Brief at 11-14, 17 (citing N.T. Revocation Hearing, 9/19/23, at 3-5).[6] Also, Appellant argues that the court's knowledge of his extensive post-probation criminal record allowed it to overemphasize the new pending charges. *See id.* at 17. He explains that his aggravated assault charge was later vacated due to prosecutorial misconduct and that the homicide charge had not proceeded to trial as of the filing of his appellate brief. *See id.* He relies on appellate decisions expressing a preference for deferring revocation hearings where new charges remain unresolved, to "avoid the possibly unjust result of revoking probation only to find later that the probationer has been acquitted of the charges that prompted the revocation hearing." *Id.* (citing **Commonwealth v. Banks**, 198 A.3d 391 (Pa. Super. 2018); **Commonwealth v. Infante**, 888 A.2d 783 (Pa. 2005), *abrogated on other grounds*, **Commonwealth v. Foster**, 214 A.3d 1240 (Pa. Super. 2019)).

---

[6] We note that in July 2024, the court later recused itself from presiding over Appellant's homicide case. **See Commonwealth v. Baltimore**, No. 1095 MDA 2024, unpublished memorandum at 2, 5-6 (Pa. Super., filed July 3, 2025) (Commonwealth's appeal of the denial of its motion for recusal dismissed as moot because the trial court *sua sponte* issued an order for reassignment). Although Appellant mentions the court's subsequent recusal from his homicide trial in his brief, we do not find that this occurrence would have caused bias or ill-will during Appellant's September 2023 resentencing because the record demonstrates that during the revocation hearing, Appellant had not yet been arraigned on the homicide charge. **See** N.T. Revocation Hearing, 9/19/23, at 3.

Appellant argues that overall, the record reflects the sentencing court's bias, partiality, or ill will towards him. **See** Appellant's Brief at 18. He argues that the court's "intimate familiarity" with him and its repeated references to his pending homicide charge suggest that the sentence imposed was influenced by the court's "jaded" view of him rather than limited to his admitted probation violations. **See id.** Finally, Appellant maintains that his sentence was disproportionate to the probation violations he admitted he committed. **See id.** He contends that his Florida conviction "occurred more than two and half years after his original sentencing." **Id.**[7] Accordingly, Appellant requests that this Court conclude his sentence was manifestly unreasonable, vacate his sentence, and remand for resentencing. **See id.**

Our review of the record demonstrates that Appellant overstates what occurred at the revocation hearing. **See** Appellant's Brief at 12, 16-17. The sentencing court spoke to defense counsel about tardiness only *after* resentencing Appellant. **See** N.T. Revocation Hearing, 9/19/23, at 5. We do not infer from the court's fair warning about counsel's significant tardiness that it caused any prejudice to Appellant. **See id.** Further, the sentencing court only mentioned Appellant's homicide case during resentencing because of defense counsel's request to keep Appellant incarcerated at the Cumberland

---

[7] Appellant fails to mention that for those two years, he was a fugitive from his probation officer and obtained criminal charges in three separate new matters. **See** Sentencing Court Opinion, 6/24/25, at 4. Accordingly, we find Appellant's contention that he was a poor candidate for incarceration because he did not commit a crime for two years to be meritless.

County jail rather than at a state correctional institution while the homicide case remained pending. *See id.* at 4. We do not find this to be unfairly prejudicial to Appellant – the court was merely actively considering defense counsel's request. Accordingly, Appellant's argument that the court exerted bias or ill-will during the revocation hearing is meritless.

Moreover, Appellant's reliance on *Banks* and *Infante* is misplaced. Neither cited decision supports Appellant's contention that the sentencing court abused its discretion by proceeding with revocation and resentencing while new charges remained. *See* Appellant's Brief at 17. To the contrary, in *Banks*, our Court rejected the argument that it was impermissible for the court to consider the defendant's arrest charges that were *nolle prossed* during his revocation hearing. *See Banks*, 198 A.3d at 403. Likewise, the Court in *Infante* merely recognized that a court may postpone a revocation hearing pending adjudication of new charges; it does not impose a new requirement to defer or suggest that holding a revocation proceeding constitutes a reversible error. *See Infante*, 888 A.3d at 793. Also, we have explained that although it may be more prudent to defer a revocation hearing until after the resolution of a probationer's new charges, it is not required. *See Commonwealth v. Parson*, 259 A.3d 1012, 1021 (Pa. Super. 2021) (citing *Commonwealth v. Mayfield*, 247 A.3d 1002, 1007 (Pa. 2021)). A revocation court has "the authority to proceed with [a defendant's] violation hearing once the alleged probation violations were reported by the Probation

Department, regardless of the status of [the defendant's] new case or the Commonwealth's position" on the proceeding. *Parson*, 259 A.3d at 1021.

Finally, after our review, we conclude that Appellant's boilerplate assertion that the sentencing court did not consider his rehabilitative needs and other sentencing factors "enough" is meritless. The sentencing court resentenced Appellant to a standard range sentence after he admitted to four probation violations. *See* N.T. Revocation Hearing, 9/19/23, at 2-4. Appellant gave no explanations for his actions and proceeded right to sentencing. *See id.* at 2. The court briefly noted that it was imposing a sentence in the standard range because anything else would depreciate the seriousness of the offense. *See id*. at 4; *Pasture*, 107 A.3d at 28 (stating court's resentencing statement of reasons does not require lengthy discourse). Therefore, the sentencing court followed the procedures for revocation of probation, acknowledged the sentencing guidelines, and imposed a standard range term. *See* Revocation Hearing, 9/19/23, at 2-3; 42 Pa.C.S. § 9771(c) (version effective at that time) & 9271(b).

Moreover, the court had the benefit of an updated PSI as well as the first PSI used for the original sentencing. *See* Sentencing Court Opinion, 6/24/25, at 5; *Ventura*, 975 A.3d at 1135. Accordingly, we find that the sentencing court did not abuse its discretion. *See Devers*, 546 A.2d at 18 ("Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed[.]"). Appellant's sole issue on appeal is meritless.

- 13 -

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/4/2026