J-S15044-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTONIO  VALENCIA-JOHNSON | : | |
| | : | |
| Appellant | : | No. 1541 WDA 2024 |

Appeal from the Judgment of Sentence Entered April 30, 2024
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0002358-2023

BEFORE:   OLSON, J., SULLIVAN, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED: September12, 2025**

Appellant, Antonio Valencia-Johnson, appeals from the judgment of sentence imposed by the Court of Common Pleas of Erie County after he pleaded guilty to one count of robbery.[1] He challenges the discretionary aspects of his sentence. After review, we affirm.

On July 3, 2023, Appellant and two accomplices, all minors, participated in entering the home of a nine-year-old victim and robbing him. *See* N.T. Plea Hearing, 1/25/24, 3. Specifically, Appellant provided an accomplice with a pellet "gun made to look like a [real and functional] gun" that one of the accomplices used to threaten to kill the victim. N.T. Sentencing Hearing,

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 3701(a)(1)(ii).

4/20/24, 9. The two accomplices then stole the victim's phone and video game system. ***See id.***

On September 12, 2023, the case was transferred from juvenile court to criminal court upon agreement of all parties. ***See*** Order (granting juvenile to be transferred to criminal court), 9/12/23, 1. On January 25, 2024, Appellant pleaded guilty to one charge of robbery involving a threat of serious bodily injury, a felony of the first degree. ***See*** N.T. Plea Hearing, 1/25/24, 3. In exchange for the plea, the Commonwealth withdrew the other charges.[2] ***See*** Plea Agreement, 1/25/24, 1. The court deferred sentencing for the preparation of a pre-sentence investigation report (PSI). ***See*** N.T. Plea Hearing, 1/25/24, 4.

On April 30, 2024, the court presided over a sentencing hearing, where it imposed 6 to 12 years' incarceration with a 232-day credit for time served. ***See*** N.T. Sentencing Hearing, 4/30/24, 12; Order (sentencing) 4/30/24, 1.[3]

_____

[2] The withdrawn charges included: burglary, criminal trespass, theft by unlawful taking or disposition, receiving stolen property, terroristic threats, possessing instruments of crime, simple assault, and loitering and prowling at nighttime. ***See*** Petition Alleging Delinquency, 7/26/23, 1-6; ***see also*** 18 Pa.C.S. §§ 3502(a)(1)(ii), 3503(a)(1)(i), 3921(a), 3925(a), 2706(a)(1), 907(a), 2701(a)(3), and 5506, respectively.

[3] The imposed sentence was within the standard range recommended by the Pennsylvania Sentencing Guidelines: 72 to 84 months' imprisonment, plus or minus 12 months for aggravating or mitigating circumstances. ***See*** N.T. Sentencing Hearing, 4/30/24, 8 (noting Appellant's prior record score is a repeat felony offender (REFL)); ***see also*** 204 Pa. Code § 303.15 (7th ed., amend. 6) (setting forth the offense gravity score of 10 for robbery under

*(Footnote Continued Next Page)*

After reinstatement of Appellant's post-sentence motion rights following his filing of a successful petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-46, Appellant timely filed a post-sentence motion for reconsideration of his sentence, which the trial court denied. ***See*** PCRA Petition, 10/3/24; Order (post-sentence motion and direct appeal rights reinstatement), 10/8/24; Order (extension of time granted for post-sentence motion filing), 10/14/24; Post-Sentence Motion, 11/14/24; Order (post-sentence motion denial), 11/14/2024. Subsequently, Appellant filed a timely notice of appeal, and he and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant presents the following question for our review:

> [Was] the sentence in this case [] manifestly excessive and clearly unreasonable, particularly in [its] consecutiveness, when the trial court considered his juvenile record and did not consider the [Appellant's] attorney's recommendation?

Appellant's Brief, 2.

"The right to appellate review of the discretionary aspects of a sentence is not absolute and must be considered a petition for permission to appeal." ***Commonwealth v. Buterbaugh***, 91 A.3d 1247, 1265 (Pa. Super. 2014) (*en banc*). Since Appellant is challenging the discretionary aspects of sentencing, he must invoke this Court's jurisdiction by satisfying a four-part test:

---

Section 3701(a)(1)(ii)); 204 Pa. Code § 303.16(a) (7th ed., amend. 6) (applicable basic sentencing matrix).

(1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, [*see*] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

*Commonwealth v. Harper,* 273 A.3d 1089, 1096 (Pa. Super. 2022) (citing *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citation and brackets omitted)). "Only if the appeal satisfies these requirements may we proceed to decide the substantive merits of Appellant's claim." *Commonwealth v. Luketic*, 162 A.3d 1149, 1159-60 (Pa. Super. 2017).

Appellant met the first three requirements. *See Moury*, 992 A.2d at 170. He filed a timely appeal to this Court, preserved the issue for our review in his post-sentence motion, and included a Rule 2119(f) statement in his brief. *See* Appellant's Brief, 3-4. Therefore, we must decide whether Appellant has raised a substantial question for our review.

The existence of a substantial question must be determined on a case-by-case basis. *See Commonwealth v. Sexton,* 222 A.3d 405, 420 (Pa. Super. 2019); *Commonwealth v. Cruz-Centeno*, 668 A.2d 536, 545 (Pa. Super. 1995). This Court will not look beyond the statement of questions involved and the prefatory Rule 2119(f) statement to determine whether a substantial question exists. *See Commonwealth v. Radecki*, 180 A.3d 441, 468 (Pa. Super. 2018). Moreover, for purposes of determining what constitutes a substantial question, "we do not accept bald assertions of sentencing errors," but rather require an appellant to "articulat[e] the way in

which the court's actions violated the sentencing code." ***Commonwealth v. Malovich***, 903 A.2d 1247, 1252 (Pa. 2006). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Clary***, 226 A.3d 571, 580 (Pa. Super. 2020) (citation omitted).

Appellant argues that his sentence was manifestly excessive and clearly unreasonable because the court failed to take into consideration his mitigating evidence and inappropriately emphasized his juvenile record. ***See*** Appellant's Brief, 4. This Court has held that "an excessive sentence claim – in conjunction with an assertion that the court failed to consider mitigating factors – raises a substantial question." ***Commonwealth v. Raven***, 97 A.3d 1244, 1253 (Pa. Super. 2014). Therefore, Appellant has presented a substantial question, and we will address the merits of the issue. ***See Commonwealth v. Miller***, 275 A.3d 530, 534 (Pa. Super. 2022) (stating trial court overlooking mitigating factors and imposing an excessive sentence raises substantial question).

Our standard of review for challenges to the discretionary aspects of sentencing is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its

judgment for reasons of partiality, prejudice, bias[,] or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Conte***, 198 A.3d 1169, 1176 (Pa. Super. 2018) (quoting ***Commonwealth v. Zirkle***, 107 A.3d 127, 132 (Pa. Super. 2014)). The rationale for the broad discretion and deference in this standard is that the sentencing court is "in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it." ***Commonwealth v. Walls***, 926 A.2d 957, 961 (Pa. 2007) (quoting ***Commonwealth v. Ward***, 568 A.2d 1242, 1243 (Pa. 1990)). Moreover, an appellate court may not reweigh the factors considered by the trial court when imposing a sentence. ***See Commonwealth v. Macias***, 968 A.2d 773, 778 (Pa. Super. 2009).

When we conduct the merits analysis of a challenge to the discretionary aspects of a sentence, we are guided by the statutory requirements of 42 Pa.C.S. § 9781(c) and (d). ***See Commonwealth v. Zeigler***, 112 A.3d 656, 661 (Pa. Super. 2015). Here, Subsection 9781(c)(2) applies, as the sentencing court sentenced Appellant within the Sentencing Guidelines but he alleges the case involves circumstances where the application of the guidelines would be clearly unreasonable. ***See*** 42 Pa.C.S. § 9781(c). In reviewing the record, this Court considers:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant.

(2) the opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) the findings upon which the sentence was based.

- 6 -

(4) the guidelines promulgated by the commission.

*Id.* at § 9781(d).

A sentence is unreasonable if it was imposed "without express or implicit consideration" of the requirements outlined in Section 9721(b). *Walls*, 926 A.2d at 964; 42 Pa.C.S. § 9721(b). In imposing a sentence, the sentencing court shall consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). Further, the sentencing court is required to consider the circumstances of the offense and the character of the defendant, paying particular attention to the defendant's prior criminal record, age, personal characteristics, and potential for rehabilitation. *See Commonwealth v. Griffin*, 804 A.2d 1, 10 (Pa. Super. 2002). Although they must be considered, the Pennsylvania Sentencing Guidelines are not mandatory, and thus do not prohibit any sentence otherwise within the statutory maximum. *See Commonwealth v. Sheller*, 961 A.2d 187, 190 (Pa. Super. 2008); *Commonwealth v. Mitchell*, 883 A.2d 1096, 1107 (Pa. Super. 2005). The balancing of the sentencing factors is within the sole province of the sentencing court. *See Commonwealth v. Velez*, 273 A.3d 6, 10 (Pa. Super. 2022). Where the sentencing court had the benefit of a PSI, we can assume the sentencing court "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v.*

*Watson*, 228 A.3d 928, 936 (Pa. Super. 2020) (quoting *Commonwealth v. Devers*, 546 A.2d 12, 18 (1988)).

As stated above, Appellant contends that his sentence was manifestly excessive, and the Court did not consider his mitigation evidence. *See* Appellant's Brief, 4. Specifically, Appellant points to three factors that he believes the trial court failed to weigh properly—his juvenile record, his co-defendant's sentences relating to the same charge, and his life circumstances as mitigating aspects for consideration. *See id*. at 6-7.

First, Appellant argues that he should have received a mitigated range because it was his first time in an adult court, and the trial court erred insofar as it considered his juvenile record when imposing a sentence not in the mitigated range. *Id.* at 7. However, we observe that the sentencing court is **required** to examine the defendant's juvenile record when crafting an appropriate sentence. *See Commonwealth v. Lilley*, 978 A.2d 995, 1000 (Pa. Super. 2009) (quoting *Commonwealth v. Smith*, 481 A.2d 1365, 1366 (Pa. Super. 1984) ("[A] child who continues his pattern of serious and violent anti-social activity into adulthood, should not receive the benefit of a cloak of immunity regarding that behavior, when it is relevant to predicting future behavior and the public safety is at risk.")); *see also* 204 Pa. Code. § 303.6(a). Therefore, we conclude that the sentencing court did not err in considering Appellant's juvenile criminal history.

Second, Appellant argues that his co-defendants received a lesser sentence for the same charge, and therefore, he should have been sentenced

in the mitigated range. **See** Appellant's Brief, 6. This Court has ruled that a defendant **is not** entitled to the same sentence as that imposed on another person involved in the same crime. **See Commonwealth v. Mastromarino**, 2 A.3d 581, 589 (Pa. Super. 2010). The trial court in its opinion acknowledged that it was aware that Appellant's co-defendants received lesser periods of incarceration, due to having lower prior record scores. **See** Trial Court Opinion, 1/14/25, 1. After reviewing the record and the trial court's reasoning for Appellant's sentence, this Court finds no error. **See Walls**, 926 A.2d at 966 ("Pennsylvania's sentencing system [. . .] is based upon individualized sentencing.")

Finally, Appellant argues that the trial court did not consider his defense counsel's mitigating factors, such as having a job lined up before he committed the robbery, that he accepted responsibility for his actions, and that he wants to go home and be there for his family. **See** Appellant's Brief, 7; **see also** N.T. Sentencing Hearing, 4/30/24, 9. Appellant essentially requests this Court to reweigh the sentencing factors, which this Court will not do. **See Commonwealth v. Kurtz,** 294 A.3d 509, 536 (Pa. Super. 2023). The sentencing court's consideration of the pertinent statutory factors pursuant to 42 Pa.C.S. § 9721(b) is evident from the sentencing hearing:

> **THE COURT:** [] Well, the court has considered the statements of defense counsel, the attorney for the [C]ommonwealth, as well as the age, background, criminal record, character, rehabilitative needs, nature, circumstances and seriousness of the offense, protection of the community, [S]entencing [G]uidelines, impact of crime on the victim and the [PSI]. Obviously, we're very concerned here that you have a very violent juvenile record,

including several aggravated assaults, and you've been revoked several times. So, I see no basis to depart from the standard range, so what we're going to do, we will sentence you to 6 to 12 years' incarceration. []

N.T. Sentencing Hearing, 4/30/25, 11-12.

Clearly, the sentencing court explained its reasoning for Appellant's sentence. **See *Commonwealth v. Mouzon***, 812 A.2d 617, 620-621 (Pa. Super. 2002) ("In every case in which the court imposes a sentence for a felony or a misdemeanor, the court shall make as a part of the record and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed."). Appellant was sentenced within the standard guidelines, and the trial court's imposition of its sentence is not unduly harsh or unreasonable. ***See Commonwealth v. Ventura***, 975 A.2d 1128, 1135 (Pa. Super. 2009) (noting that standard guideline range sentence "is presumptively where a defendant should be sentenced") (citation omitted). The trial court had the benefit of the PSI, considered the requirements of Section 9721(b), and explained the reasons for Appellant's sentence. ***See Devers, supra***. Upon review of the record and relevant case law, we conclude the court did not abuse its discretion in imposing a sentence. ***See Conte***, ***supra***. Accordingly, Appellant is not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary


DATE: 9/12/2025