J-S36041-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| ROBERT ALAN SABOUSKY | : | |
| Appellant | : | No. 330 WDA 2025 |

Appeal from the Judgment of Sentence Entered November 21, 2024
In the Court of Common Pleas of Venango County Criminal Division at
No(s):  CP-61-CR-0000386-2024

BEFORE:   PANELLA, P.J.E., NICHOLS, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.:       **FILED: DECEMBER 30, 2025**

Appellant, Robert Alan Sabousky, appeals from the judgment of sentence imposed by the Court of Common Pleas of Venango County after he pleaded guilty to one count each of evading arrest and disorderly conduct.[1] He challenges the discretionary aspects of his sentence. Upon review, we affirm.

On June 19, 2024, Appellant fled from a police officer attempting to lawfully arrest him at his home pursuant to an arrest warrant. ***See*** N.T. Plea Hearing, 10/8/24, at 10. He ran out the back door and left his three children at home without supervision but was apprehended shortly after. ***See id.*** On October 8, 2024, Appellant pleaded guilty to evading arrest, a misdemeanor,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 5104.2(a) and 5503(a)(4), respectively.

and disorderly conduct, a summary offense. *See id.* at 10-11. In exchange for that plea, the Commonwealth agreed to *nolle prosse* additional pending charges.[2] *See id.* Sentencing was deferred for the preparation of a presentence investigation report (PSI). *See id.* at 14.

On November 21, 2024, the sentencing court presided over the sentencing hearing, during which it stated it had thoroughly reviewed the PSI, Appellant's statements, the arguments of the Commonwealth and defense counsel, the circumstances of the case, and all relevant factors. *See* N.T. Sentencing Hearing, 11/21/24, at 20. Appellant was sentenced to a minimum period of incarceration of one year and a maximum period of two years of incarceration to be served consecutively to his sentence imposed in another case.[3] *See id.* at 25. Appellant timely filed a post-sentence motion for

_____

[2] The *nolle prossed* charges included: three counts of endangering the welfare of a child-parent/guardian, and flight to avoid apprehension/punishment. *See* Bills of Information, 8/2/24, at 1; *see also* 18 Pa.C.S. §§ 4304(a)(1) and 5126(a), respectively.

[3] Appellant was also before the plea court for CP-61-CR-00087-2019 following parole being revoked in that separate case on October 18, 2024. *See* N.T. Plea Hearing, 10/8/24, at 10. Appellant was previously sentenced on September 26, 2023, and was on probation for 87-2019. *See* Trial Court Opinion, 4/4/25, at 1, fn.1. The plea court took Appellant's time outside custody from November 21, 2023, to June 18, 2024, two hundred and eleven (211) days, and changed the maximum parole expiration date in that case to January 4, 2026. *See* N.T. Sentencing Hearing, 11/21/24, at 24.

The imposed sentence was outside the standard range recommended by Pennsylvania's Sentencing Guidelines: eighteen months of probation, plus or minus six months for aggravating or mitigating circumstances. *See* N.T. Sentencing Hearing, 11/21/24, at 10 (noting Appellant's prior record score of
*(Footnote Continued Next Page)*

reconsideration of his sentence, which the sentencing court denied. *See* Appellant's Post-Sentence Motion to Modify Sentence, 11/29/24, at 2-3; Order Denying Appellant's Post-Sentence Motion, 3/10/25, at 3. Subsequently, Appellant filed a timely notice of appeal, and he and the sentencing court complied with Pennsylvania Rule of Appellate Procedure 1925. *See* Notice of Appeal, 3/14/25, at 2; Concise Statement of Matters Complained Upon Appeal, 3/19/25, at 2; Trial Court Opinion, 4/4/25.[4]

Appellant presents the following question for our review:

Did [t]he trial [c]ourt commit[] a manifest abuse of discretion in considering improper factors in placing the [Appellant's] sentence in the aggravated range in contravention [of] the recommended sentencing guidelines?

Appellant's Brief, at 8.

"The right to appellate review of the discretionary aspects of a sentence is not absolute and must be considered a petition for permission to appeal." *Commonwealth v. Davis,* 341 A.3d 808, 812 (Pa. Super. 2025) (citation omitted). Since Appellant is challenging the discretionary aspects of

---

two and the offense gravity score of four for the lead offense of evading arrest); *see also* 204 Pa. Code § 303a.3(a)(4) (8th ed.) (general omnibus list applies for offense not listed in Section 303a.3(a)(10)) (setting the offense gravity score of four for evading arrest under Section 5014.2(a)).

[4] On June 20, 2025, this Court dismissed this appeal because counsel for Appellant failed to file a timely brief. *See* Order (Dismissal for Failure to File Brief), 6/20/25. Counsel for Appellant filed an application to reinstate his appeal, and we granted reinstatement and vacated our dismissal order. *See* Application to Reinstate Appeal, 6/20/25; Order (Granting Application to Reinstate Appeal), 6/24/25.

sentencing, he must invoke this Court's jurisdiction by satisfying a four-part test:

> (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, [**see**] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

***Commonwealth v. Harper****,* 273 A.3d 1089, 1096 (Pa. Super. 2022) (citing ***Commonwealth*** **v.** ***Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (citation and brackets omitted)). "Only if the appeal satisfies these requirements may we proceed to decide the substantive merits of Appellant's claim." ***Commonwealth v. Luketic***, 162 A.3d 1149, 1159-60 (Pa. Super. 2017).

Instantly, Appellant has met the first three requirements. ***See Moury***, 992 A.2d at 170. He filed a timely appeal to this Court, preserved this issue for our review in his post-sentence motion, and included a Rule 2119(f) statement in his brief. ***See*** Appellant's Brief, at 9-10. Therefore, we must decide whether Appellant has raised a substantial question for our review.

"The determination of whether a particular case raises a substantial question is to be evaluated on a case-by-case basis." ***Commonwealth v. Neafie***, 341 A.3d 813, 818 (Pa. Super. 2025) (citation omitted). This Court will not look beyond the statement of questions involved and the prefatory Rule 2119(f) statement to determine whether a substantial question exists. ***See Commonwealth v. Radecki***, 180 A.3d 441, 468 (Pa. Super. 2018). Moreover, for purposes of determining what constitutes a substantial

question, "we do not accept bald assertions of sentencing errors," but rather require an appellant to "articulat[e] the way in which the court's actions violated the sentencing code." *Commonwealth v. Malovich*, 903 A.2d 1247, 1252 (Pa. 2006). "A substantial question exists only when [the] appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Dortch*, 343 A.3d 298, 310 (Pa. Super. 2025) (citation omitted).

Appellant argues that the sentencing court relied on improper considerations in imposing an aggravated-range sentence. *See* Appellant's Brief, at 10. Specifically, Appellant asserts that the sentencing court considered factors already accounted for in the guideline calculation, relied on information not contained in the record, referenced dismissed charges, and considered an allegation that Appellant did not admit. *See id.* at 10. This Court has held that the consideration of improper factors and matters not of record raises a substantial question. *See Commonwealth v. Crawford*, 254 A.3d 769, 782 (Pa. Super. 2021) (stating that a claim that a sentencing court relied on improper factors raises a substantial question); *Commonwealth v. Druce*, 796 A.2d 321, 334 n.15 (Pa. Super. 2002) (claim that sentencing court relied on evidence not of record raised a substantial question). Therefore, Appellant has presented a substantial question, and we will address the merits of the issue presented.

Our standard of review for challenges to the discretionary aspects of sentencing is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias, or ill will, or arrived [at] a manifestly unreasonable decision.

*Commonwealth v. Glawinski,* 310 A.3d 321, 326 (Pa. Super. 2024) (quoting *Commonwealth v. Torres*, 303 A.3d 1058, 1065 (Pa. Super. 2023)). The rationale for the broad discretion and deference in this standard is that the sentencing court is "in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it." *Commonwealth v. Walls*, 926 A.2d 957, 961 (Pa. 2007) (quoting *Commonwealth v. Ward*, 568 A.2d 1242, 1243 (Pa. 1990)).

When we conduct the merits analysis of a challenge to the discretionary aspects of a sentence, we are guided by the statutory requirements of 42 Pa.C.S. § 9781(c)-(d). *See Commonwealth v. Zeigler*, 112 A.3d 656, 661 (Pa. Super. 2015). In cases where the sentencing court sentenced outside of the Guidelines, such as this one, we must also consider Subsection 9781(c)(3), which requires that we vacate the sentence if it is unreasonable, but that we must otherwise affirm it. *See* 42 Pa.C.S. § 9781(c)(3) ("the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.").

Also, in reviewing the record, this Court considers:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant.
>
> (2) the opportunity of the sentencing court to observe the defendant, including any presentence investigation.
>
> (3) the findings upon which the sentence was based.
>
> (4) the guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

A sentence is unreasonable if it was imposed "without express or implicit consideration" of the requirements outlined in Section 9721(b). **Walls**, 926 A.2d at 964; 42 Pa.C.S. § 9721(b). In imposing a sentence, the sentencing court shall consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). Further, the sentencing court is required to consider the circumstances of the offense and the character of the defendant, paying particular attention to the defendant's prior criminal record, age, personal characteristics, and potential for rehabilitation. **See Commonwealth v. Griffin**, 804 A.2d 1, 10 (Pa. Super. 2002). Although they must be considered, the Pennsylvania Sentencing Guidelines are not mandatory, and thus do not prohibit any sentence otherwise within the statutory maximum. **See Commonwealth v. Sheller**, 961 A.2d 187, 190 (Pa. Super. 2008); **Commonwealth v. Mitchell**, 883 A.2d 1096, 1107 (Pa. Super. 2005). A court may impose a term above the Guidelines' recommended range so long as the court acknowledges its

awareness of the Sentencing Guidelines and provides a contemporaneous written statement of reasons for deviation from the Guidelines. *See Sheller*, 961 A.2d at 190. Where the sentencing court had the benefit of a PSI, we can assume the sentencing court "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Watson*, 228 A.3d 928, 936 (Pa. Super. 2020) (quoting *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988)).

Appellant raises several arguments within the discretionary aspects of sentencing issue. *See* Appellant's Brief, at 19-22. First, Appellant argues that the sentencing court's reliance on his prior criminal history to depart from the recommended guidelines is a reversible error. *See id.* at 19 ("The [sentencing court's] boilerplate statement that Appellant has an extensive criminal history is not supported by the [PSI] and does not consider[] the lapses in criminal activity or the fact that all [of] Appellant's prior convictions were misdemeanors and summary offenses."). Next, he asserts that the sentencing court did not consider his treatment for drug and alcohol abuse as a mitigating factor and relied on evidence not part of the record. *See id.* at 20 ("The record is devoid of any testimony or documentation to support that Appellant absconded, failed to have contact, failed to comply with drug or alcohol [*sic*], or any timeframe related to admitted drug use."). Finally, Appellant asserts that the sentencing court abused its discretion by considering the circumstances of the withdrawn charges for both endangering the welfare of

children and flight to avoid apprehension—withdrawn in exchange for his guilty plea—and insofar as the court considered that he allegedly absconded from parole supervision in his other criminal matter that is not before us. **See** Appellant's Brief, at 20-22. Appellant cites to **Commonwealth v. Stewart**, 867 A.2d 589, 593 (Pa. Super. 2005), for the proposition that a manifest abuse of discretion exists when a sentence is enhanced due to charges that have been *nolle prossed* as part of a plea agreement, because notions of fundamental fairness are violated. **See** Appellant's Brief, at 22.

Upon review of the record, we find the sentencing court's consideration of the pertinent statutory factors, pursuant to 42 Pa.C.S. § 9721(b), is evident from the sentencing hearing:

**THE COURT:**

Your continued behavior has put you in the situation where this [sentencing c]ourt doesn't really have much of a choice. The [G]uidelines [suggest imposing a term of] probation, but probation is definitely not appropriate for you. The history, the convictions, the violations, the nature of the offense, these are all elements and factors that actually warrant a departure from the [G]uidelines, not merely aggravating circumstances. I am going to be going outside of the recommendations by the [G]uidelines. Again, guidelines are merely recommendations. I'm placing on the record at this time that there are a number of factors that the [sentencing c]ourt did consider: The relevant information in the PSI by your history of convictions, your history and continued history of violations, the nature of the offense, including the three minor children where you fled and placed them at risk and alone in the home while you fled. Again, it was all about yourself, [Appellant]. It was not about those kids. With regard to your statements here today, I think you're saying those things because you believe it's going to get you some goodwill with this [sentencing c]ourt. Rather, the [sentencing c]ourt looks at it and realizes that it is just that. You are saying those things in [an]

attempt to get the [sentencing c]ourt to parol[e] you. I don't find them believable. I don't find them credible. I will be imposing a state sentence. It is warranted under the circumstances.

N.T. Sentencing Hearing, 11/21/24, at 22-24.

Clearly, the sentencing court explained its reasoning for Appellant's sentence. *See Commonwealth v. Mouzon,* 812 A.2d 17, 620-621 (Pa. Super. 2002) ("In every case in which the court imposes a sentence for a felony or a misdemeanor, the court shall make as a part of the record and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed."). Appellant's assertion that the sentencing court only looked at prior criminal history and failed to consider mitigating factors has no merit. The sentencing court relied on the PSI, which it is entitled to do. *See* N.T. Sentencing Hearing, 11/21/24, at 20; *Watson*, *supra*. Essentially, Appellant requests this Court to reweigh the sentencing factors, which this Court will not do. *See Commonwealth v. Kurtz,* 294 A.3d 509, 536 (Pa. Super. 2023).

As for the proposition that the sentencing court erred when it enhanced Appellant's sentence based on Appellant's *nolle prossed* charges, we find this instant case distinguishable from *Stewart*. Appellant's conduct of leaving his children and flight to avoid apprehension was proven because he admitted it at his plea hearing:

> **THE COURT:**
>
> And so, by entering this plea[,] you are in fact admitting that on June 19th, 2024, that you did knowingly and intentionally flee on foot from a public servant attempting a lawful arrest or detention,

specifically, you did run out the back door while fleeing police on a warrant[,] which left the three children home alone without adult supervision. Are you in fact admitting to committing that crime?

**APELLANT:** Yes[,] Sir.

N.T. Plea Hearing, 10/8/24, at 10-11.

In **Stewart**, the sentencing court justified the sentence it imposed by specifically stating on the record that the sentence was in the aggravated range because of the charges *nolle prossed*. **See Stewart**, 867 A.2d at 593. Here, in contrast, the sentencing court considered Appellant's charge to which he pleaded guilty and **did not** reference the specific *nolle prossed* charges. **See** N.T. Sentencing Hearing, 11/22/24, at 20-22.

Last, we find Appellant's argument that the sentencing court impermissibly considered that Appellant absconded supervision, which fact was allegedly outside the record in this case, is meritless. The sentencing court reviewed the PSI, which contained Appellant's current violations for absconding supervision. **See** Trial Court Opinion, 4/4/25, at 8 (citing N.T. Sentencing Hearing, 11/22/24, at 21). Therefore, Appellant's contention that the court improperly considered his absconding is plainly contradicted by the record in this case. Therefore, we find no abuse of discretion by the sentencing court. **See Glawinski**, **supra**. Accordingly, Appellant is not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


DATE: 12/30/2025