J-S30039-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEON SMITH | : | |
| | : | |
| Appellant | : | No. 2419 EDA 2024 |

Appeal from the Judgment of Sentence Entered July 31, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000588-2021

BEFORE:   OLSON, J., MURRAY, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.:             **FILED JANUARY 23, 2026**

Keon Smith appeals the judgment of sentence imposed by the Court of Common Pleas of Philadelphia County based on violations of the conditions of his probation. Smith challenges the discretionary aspects of his violation of probation (VOP) sentence. After review, we affirm.

The court set forth the relevant facts of this case as follows:

On December 28, 2020, [Smith] was arrested and charged with possession of a firearm prohibited, firearm carried without a license and carrying a firearm in public in Philadelphia.[1] [Smith] entered into an open guilty plea on May 20, 2021. He pled [guilty] to all counts and sentencing was deferred. On May 26, 2022, [Smith] was sentenced to eleven and a half to twenty-three months[' incarceration] followed by three years of reporting

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] *See* 18 Pa.C.S. § § 6105(a)(1), 6106(a)(1), and 6108, respectively.

probation. He received credit for time served and was immediately paroled.

In December 2022, due to [Smith]'s absconding and positive drug tests, the Adult Parole and Probation Department (hereinafter "APPD") requested a violation of probation hearing be scheduled. The hearing was scheduled for March 10, 2023, however, [Smith] failed to appear. Subsequently a bench warrant was issued. On March 16, 2023, a motion to lift the bench warrant was filed and was granted on March 20, 2023.

On March 21, 2023, at the request of APPD a bench warrant was issued for [Smith]'s absconding. The bench warrant was lifted two days later. At a violation hearing on May 2, 2023, the court continued [Smith]'s supervision. A bench warrant was issued for [Smith] on June 29, 2023. He returned to custody on September 20, 2023, [due to his] arrest. On September 29, 2023, the court lifted the bench warrant, lodged a detainer, and denied [Smith]'s motion to remove the detainer.

Trial Court Opinion, 10/26/24, 2-3 (unnecessary capitalization and citations omitted).

On July 31, 2024, a VOP hearing took place where the Commonwealth and defense counsel presented their arguments. *See* N.T. VOP Hearing, 7/31/24, at 4-6. The court reviewed Smith's *Gagnon II* summary. *See id.*; *see also Gagnon II* Summary, 7/22/24, at 1-2 (unpaginated).[2] Thereafter, the court found Smith in direct violation of his probation for obtaining a conviction for aggravated assault and conspiracy to commit aggravated assault, both with attempts to cause serious bodily injury with extreme indifference. *See* N.T. VOP Hearing, 7/31/24, at 10; 42 Pa.C.S. § 9771(b) (stating if probationer violates specific condition of probation or commits new

_____

[2] *See Gagnon v. Scarpelli*, 411 U.S. 778 (1993).

crime, he violates probation).[3] On the record, the sentencing court considered Smith's mitigation evidence, rehabilitative needs, and relevant sentencing factors. *See* N.T. VOP Hearing, 7/31/24, at 7, 10. The court then re-sentenced Smith to two to four years' incarceration to be run consecutive to any sentence he was currently serving, followed by one year of re-entry supervision. *See id.* at 10.[4]

On August 12, 2024, Smith timely filed a post-sentence motion for reconsideration of his sentence, which the trial court denied. *See* Post-Sentence Motion, 8/12/2024, 2-3; Order (denying post-sentence motion), 8/15/24. Subsequently, Smith filed a timely notice of appeal, and he and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925. *See*

---

[3] *See* 18 Pa.C.S. § § 2702(a)(1) and 903, respectively. A trial court is afforded broad discretion when imposing a sentence following the revocation of probation and is only limited by the maximum sentence that it could have imposed at the time of the probation sentence. *See* 42 Pa.C.S. § 9771(b); 204 Pa. Code § 303.1(b).

[4] Pursuant to the Sentencing Guidelines, Smith's prior record score was initially calculated as a one but increased to two upon the court's finding that Smith was in direct violation of his probation. *See* N.T. VOP Hearing, 7/32/24, at 10. The imposed range for his sentence was below the standard range recommended by the Sentencing Guidelines: twenty-four to thirty-six months of incarceration, plus or minus twelve months for aggravating or mitigating circumstances. *See id.*; *see also* 204 Pa. Code § 303.15 (7th ed., amend. 6) (setting offense gravity score of 9 for firearms not to be carried without a license in violation of Section 6106); 204 Pa. Code § 303.16 (7th ed., amend. 6) (applicable sentencing matrix).

Notice of Appeal, 8/27/24; 1925(b) Order, 8/27/24; Concise Statement of Errors, 9/30/24; Trial Court Opinion, 10/26/24.[5]

Smith presents the following issue for our review:

> Did the court abuse its discretion by failing to give proper consideration to [] Smith's personal needs and mitigating factors, and[,] as a result[,] is the sentence contrary to the fundamental norms underlying the sentencing process and manifestly unreasonable and excessive?

Appellant's Brief, at 3.

"The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. Super. 2015) (*en banc*). Since Smith is challenging the discretionary aspects of his sentence, he must invoke this Court's jurisdiction by satisfying a four-part test:

> (1) whether [the] appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, [*see*] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

*Commonwealth v. Harper,* 273 A.3d 1089, 1096 (Pa. Super. 2022) (citing *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citation and brackets omitted)). "Only if the appeal satisfies these requirements may

---

[5] Smith requested an extension to file his statement of errors upon receipt of the VOP hearing transcript, which the court granted. *See* Extension Request, 9/17/24; Order (granting extension), 9/17/24. Therefore, his appeal is timely.

we proceed to decide the substantive merits of Appellant's claim." ***Commonwealth v. Luketic***, 162 A.3d 1149, 1159-60 (Pa. Super. 2017).

Here, Smith met the first three requirements for invoking our jurisdiction. ***See Moury***, 992 A.2d at 170. He filed a timely appeal in this Court, preserved the issue for our review in his post-sentence motion, and included a Rule 2119(f) statement in his brief. ***See*** Appellant's Brief, at 7-9. Therefore, we must determine whether Smith has raised a substantial question for our review.

The existence of substantial question must be evaluated on a case-by-case basis. ***See Commonwealth v. Slaughter***, 339 A.3d 456, 465 (Pa. Super. 2025). "[W]e cannot look beyond the statement of questions presented and the prefatory [Rule] 2119(f) statement to determine whether a substantial question exists." ***Commonwealth v. Diehl***, 140 A.3d 34, 44-45 (Pa. Super. 2016). Moreover, for purposes of determining what constitutes a substantial question, "we do not accept bald assertions of sentencing errors," but rather require an appellant to "articulat[e] the way in which the court's actions violated the sentencing code." ***Commonwealth v. Malovich***, 903 A.2d 1247, 1252 (Pa. 2006). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Slaughter***, 339 A.3d at 465.

Instantly, Smith asserts that his sentence was manifestly unreasonable and excessive because it failed to address all sentencing criteria and was not individualized to his rehabilitative needs in violation of 42 Pa.C.S. § 9721(b). *See* Appellant's Brief, at 9; 42 Pa.C.S. § 9721(b) (stating sentencing court shall consider "[t]he protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant"). This Court has held that "an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question." ***Commonwealth v. Raven***, 97 A.3d 1244, 1253 (Pa. Super. 2014). Furthermore, a plausible argument raising "doubts that the trial court did not properly consider" the Sentencing Code is sufficient to raise a substantial question. ***See Commonwealth v. Mouzon***, 812 A.2d 617, 622 (Pa. 2002). Therefore, Smith has presented a substantial question, and we will address the merits of the issue.

Our standard of review for a challenge to the trial court's discretion in sentencing is well-settled:

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias[,] or ill-will.

*Commonwealth v. Starr*, 234 A.3d 755, 760-61 (Pa. Super. 2020) (citing *Commonwealth v. Simmons*, 56 A.3d 1280, 1283-84 (Pa. Super. 2012)).

The rationale for the broad discretion and deference in this standard is that the sentencing court is "in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it." *Commonwealth v. Walls*, 926 A.2d 957, 961 (Pa. 2007) (quoting *Commonwealth v. Ward*, 568 A.2d 1242, 1243 (Pa. 1990)). Moreover, an appellate court may not reweigh the factors considered by the trial court when imposing a sentence. *See Commonwealth v. Macias*, 968 A.2d 773, 778 (Pa. Super. 2009).

"In determining whether a sentence is manifestly excessive, the appellate court must give great weight to the sentencing court's discretion, as he or she is in the best position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference." *Commonwealth v. Mouzon*, 828 A.2d 1126, 1128 (Pa. Super. 2003).

Following a revocation of probation and resentencing of an offender, the court must disclose on record at the time of sentencing a statement of reason or reasons for the sentence imposed. *See Commonwealth v. Colon*, 102 A.3d 1033, 1044 (Pa. Super. 2014); Pa.R.Crim.P. 708(D)(2) (indicating that during sentence following revocation of probation, "[t]he judge shall state on the record the reasons for the sentence imposed."). "[A] sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence

or specifically reference the statutes in question." ***Commonwealth v. Pasture***, 107 A.3d 21, 28 (Pa. Super. 2014). Moreover a "court does not necessarily abuse its discretion in imposing a seemingly harsher post-revocation sentence where the defendant received a lenient sentence and then failed to adhere to the conditions imposed on him." ***Pasture****,* 107 A.3d at 28.

On appeal, Smith contends that his sentence was unreasonably severe and that the Court failed to consider his mitigation and rehabilitative needs. ***See*** Appellant's Brief, at 13. Specifically, Smith points to his family circumstances as well as his "interest in treatment court, violence prevention[,] and then certain technical classes, including a class on barbering as well as the HVAC class, while incarcerated." ***Id.*** at 11-12. Moreover, Smith argues that the trial court only uttered a "brief disclaimer" before his sentence and did not "grapple" with any of the mitigation materials or arguments presented at the VOP hearing. ***Id.*** at 14. We disagree.

The record reflects that the court heard and considered these factors at the sentencing hearing. ***See*** N.T. VOP Hearing, 7/31/24, at 4-5. The sentencing court stated that it considered "the gravity of the offense, the need to provide protection to the community," N.T. VOP Hearing, 7/31/24, at 10, as well as "the mitigation [evidence] presented by [Smith]'s attorney including, [Smith's] family support, employment history, interest in educational programs, and interest in violence prevention classes." Trial Court Opinion, 10/26/24, at 4 (citing N.T. VOP Hearing, 7/31/24, at 4-5); ***see also***

42 Pa.C.S. § 9721(b). Therefore, we find the sentencing court disclosed on the record its reasoning as required. ***See Colon***, ***supra***.

Additionally, Smith acknowledges that the court considered all the proper criteria on the record, yet, he essentially requests this Court to reweigh the sentencing factors. ***See*** Appellant's Brief, at 14. This Court will not do that, and, instead, defers to the judgment of the sentencing court. ***See Commonwealth v. Verma,*** 334 A.3d 941, 947 (Pa. Super. 2025) (we "cannot reweigh sentencing factors and impose judgment in place of [the] sentencing court" where the sentencing court "was fully aware of all mitigating factors") (citation omitted). After our review, we find no abuse of discretion by the sentencing court. ***See Starr***, ***supra***. Accordingly, Smith is not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/23/2026